May Term,
1846.

THE STATE
BANK OF IN-
DIANA
v.
SEAMAN.

---

THE STATE BANK OF INDIANA *v.* SEAMAN and Another.

A defendant in attachment, since the act of 1842 to abolish imprisonment for debt, may plead in bar without putting in special bail, unless an affidavit be made, &c.

In a suit by attachment founded on a promissory note, the plea of non assumpsit ought not to be rejected merely because it is not sworn to.

A judgment of the Circuit Court on the merits of a cause submitted to it will be reversed, if, as shown by the record, it be not sustained by the evidence.

APPEAL from the *Allen* Circuit Court.

BLACKFORD, J.—The plaintiff in error sued out in *July*, 1839, a writ of foreign attachment against the defendants in error. The cause of action, as described in the writ and declaration, was a promissory note for 425 dollars, purporting to be executed in *February*, 1839, by the defendants in the name of *Seaman* and *Norton*, payable to the order of *Bailey*, *Keeler*, and *Remsen*, and indorsed by the payees to the plaintiff. The writ was returned levied on certain real estate of *Norton*. At the *October* term, 1841, the defendants appeared to the suit. At the *February* term, 1842, *Norton* asked leave to plead in bar; the motion was objected to because special bail had not been filed, but the leave was granted. At the *August* term, 1843, *Norton* pleaded non assumpsit, the plea purporting to be sworn to before *Robert H. Morris*, mayor of the city of *New York*: the plaintiff moved to set aside the plea, but the motion was overruled. At the *February* term, 1844, the parties submitted the cause to the Court, and judgment was rendered for the defendants.

May Term,
1846.

We think the defendant had a right to plead without putting in special bail. The act of 1842, abolishing imprisonment for debt, was in force when the motion to plead was made. That act expressly says that special bail shall not be required, &c., unless an affidavit be made, &c. Suits like the present must be considered within the act.

There was no ground for rejecting the plea. Supposing that it was not legally sworn to, as it is not shown that the mayor had authority to administer an oath, still the plea was admissible for some purposes without oath.

On the trial, the plaintiff proved that in 1836 the defendants were partners under the name of *Seaman* and *Norton;* that in that year they borrowed of the plaintiff 5,000 dollars; that in *February*, 1839, the amount due on the loan had been reduced to 425 dollars; and that for the latter sum the note sued on was given and indorsed. The plaintiff also gave the note in evidence. The defendants introduced several depositions tending to show that they had dissolved partnership in 1837, and gave some slight evidence of the plaintiff's having had notice of the dissolution soon after it occurred, which notice had been advertised. The plaintiff proved, that the advertisement of dissolution stated that the business of the firm would be settled by *Seaman*, who was authorized to sign the name of the firm for the purpose. We are of opinion that upon the evidence as shown by the record, the plaintiff is entitled to another trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. Cooper*, for the appellant.

*W. W. Wick* and *L. Barbour*, for the appellees.