CUNNINGHAM *v.* BANTA.

The complainant deeded to the defendant certain lands for 1,500 dollars. He received only 71 dollars and 50 cents, and took from the defendant his obligation, that if he re-paid the 71 dollars and 50 cents within a certain time, the lands should be re-conveyed to him; and, in case of his failure, the defendant was to pay off certain judgments against the complainant of over 1,400 dollars, which, with the amount paid in hand, would make the amount of the consideration mentioned in the deed. The complainant failed to re-pay the 71 dollars and 50 cents in time. About one-half of the judgments were in favor of the defendant, and he purchased those not due to himself, taking an assignment of them to himself or to some other person, and was using them to sell the farm of the complainant at sheriff's sale. A perpetual injunction was decreed restraining the assignment and collection of the judgments at law. *Held,* that the decree of the Court below was justified by the facts.

*Held,* also, that as the instrument of writing did not purport to set out the consideration in full that was to be paid for the land, nor the manner of its payment, evidence showing what it was and how it was to be paid was admissible, as it did not contradict the deed or instrument of writing.

ERROR to the *Randolph* Circuit Court.

PERKINS, J.—Bill in chancery, by *Albert Banta* against *Stephen B. Cunningham,* for an injunction restraining the assignment and collection of judgments at law. Perpetual injunction decreed below. The following is the case made:

On the 6th day of *September,* 1841, *Banta* made *Cunningham* a deed in fee simple, with usual covenants of warranty, for the consideration, as named in the deed, of 1,500 dollars, to the land described in this instrument, viz:

"Article of agreement between *Albert Banta* and *Stephen B. Cunningham,* both of the county of *Randolph* and state of *Indiana,* witnesseth, that the said *Albert Banta* has this day sold and deeded to *Stephen B. Cunningham* the following real estate, to-wit, the east half of the north west quarter of section ten, township nineteen, of range fourteen; also, twenty acres off of the east half of the south west quarter of section three, township nineteen, range fourteen east; and, also, the said *Banta* assigned over, to said *Cunningham,* on this same day, a certain title-bond given to said *Banta* by *John S. Forgey,* binding himself to

make a deed to said *Banta* for sixty-six and two-thirds acres of land off of the north end of the north west quarter of section ten, township nineteen, range fourteen east, by the said *Banta* complying with certain conditions. Now, the understanding of this article is such that the said *Stephen B. Cunningham* has paid said *Albert Banta* the sum of seventy-one dollars and fifty cents on this day. Now, if the said *Albert Banta* will, on or before the first day of *November* next, pay back to the said *Stephen B. Cunningham* the said sum of seventy-one dollars and fifty cents, then and in that case the right of said land to be returned to said *Banta* by said *Cunningham;* but if said *Banta* fails to pay said sum of seventy-one dollars and fifty cents, then the right of said land is to remain in said *Cunningham;* and the said *Stephen B. Cunningham*, in that case, is to clear the said *Banta* of all the claims he, the said *Cunningham*, has against said *Banta*. In witness, &c. *September* 6, 1841. *Albert Banta*, [Seal.]

*S. B. Cunningham*, [Seal.]"

*Banta* failed to re-pay the 71 dollars and 50 cents. It appears that, at the time the sale above mentioned took place, *Banta* was over 1,400 dollars in debt, most of which was in judgments constituting a lien on said land, and about half of which was due to said *Cunningham;* that *Cunningham* purchased his farm, agreeing to give 1,500 dollars, to be made up of 71 dollars and 50 cents in cash, and the balance in said judgments and claims, which said *Cunningham* agreed to pay and satisfy; that *Banta* reserved the right of a reconveyance of the land on refunding the 71 dollars and 50 cents by the day named, with the view to raising money and paying off said judgments, &c., himself; that it was a conditional sale with reception of a part of the purchase-money, and not the whole at the time, rather than a mortgage, no debt or loan being, or intended to be, secured thereby ; that *Cunningham* did pay, or rather purchase said judgments not due to himself, taking an assignment of them to himself, or to some other person,

May Term,
1851.

and that he is now using them as a means of selling said farm at sheriff's sale as the property of said *Banta*, &c. See *Bashor* v. *Cady*, at the present term of this Court (1). It is contended that parol evidence could not be given of the fact that *Cunningham* was to pay said judgments, they not being named in the instrument of writing above set out. But that instrument does not purport to set out the consideration in full that was to be paid for said land, nor the manner of its payment; and evidence showing what it was, and how it was to be paid, contradicts neither the deed nor the article of agreement, and was admissible. And see *Allen* v. *Lee*, Smith's R. 12 (2).

We think the evidence justifies the decree below, and it is affirmed with costs, &c.

*Per Curiam.*—The decree is affirmed with costs.

*T. J. Sample*, for the plaintiff.

*D. Kilgore*, for the defendant.

