Nov. Term, 1853.

ORTH
v.
SHARKEY.

---

ORTH and Another *v.* SHARKEY.

The consideration of a note may be proved by a conversation between the parties when it was given.

Saturday, December 31.

APPEAL from the *Union* Circuit Court.

DAVISON, J.—*Orth* and *White* sued *Sharkey* before a justice of the peace, upon a note for the payment of 37 dollars and 60 cents. The note was payable to one George *Parker* and by him assigned to the plaintiffs. Plea, that the defendant, when he gave the note, was the owner of a saw-mill propelled by water, and used therein a certain water-wheel for the propelling of the machinery thereof; that *Parker*, falsely, &c., represented that he was the patentee of a certain wheel for propelling machinery by water, commonly called "the *Parker* Wheel;" that the wheel so used by the defendant was an infringement of his, *Parker's*, patent; and the defendant was liable for the use of said wheel. The defendant, believing these representations, executed the note sued on, when in truth *Parker* had no title, as patentee, to the defendant's wheel, &c. Replication in denial of the plea.

The defendant was also entitled to the general issue. The justice gave judgment for the plaintiffs. The defendant appealed.

In the Circuit Court there was a verdict for the defendant. Motion for a new trial overruled. Judgment on the verdict, &c.

Upon the trial, the defendant introduced one *Reed*, who testified that he was called on by the defendant and *Parker's* agent, and requested to decide whether a wheel then in the defendant's mill, was an infringement of *Parker's* patent. This the witness declined doing. *Parker's* agent then insisted that said wheel was an infringement of that patent—that the question of such infringement had been determined by suits in favor of *Parker*. He referred to some decisions. Whereupon it was agreed that the defendant should give his note for 37 dollars and 60 cents, payable in twelve months, and *Parker* should make and deliver to him a deed of assignment for the right of making and using, &c., one wheel of *Z. & A. Parker's* combined percussion and reaction water-wheel. If it turned out that the defendant's wheel was an infringement of said patent, the note was to be paid; if not, it was to be void. The defendant was to furnish proof that his wheel was not an infringement, &c. The agreement being thus made, the note in question was given, and a deed of assignment accordingly executed.

A bill of exceptions, taken by the plaintiffs, states that they, at the proper time, objected to the introduction of *Reed's* testimony, but the Court overruled the objection, and permitted it to be given for the purpose of showing the consideration of the note, and not for the purpose of contradicting its terms. The defendant gave in evidence, the deed of assignment executed to him by *Parker;* also, a schedule and specification of *Parker's* patent; and thereupon tendered said deed to the plaintiffs. He then introduced one *Martz*, who testified that he was a millwright; that he put up the defendant's mill in the year 1837; that he had the right to sell and use the spiral vent wheel patented by one *Clark Wilson;* the defendant's

Nov. Term,
1853.

ORTH
v.
SHARKEY.

wheel is made according to the plans and specifications of the spiral vent wheel; that he had seen wheels similar to the defendant's, thirty years ago. Another witness testified that he had seen the spiral vent wheel forty years ago. The above is believed to be the substance of the evidence given in the cause.

The plaintiffs insist that their objection to *Reed's* testimony should have been sustained. So far as his evidence conduced to prove the consideration of the note, it was properly admitted. We infer from the bill of exceptions that such parts of it as tended to set up a verbal contemporaneous agreement varying the terms of the note, were excluded from the consideration of the jury.

However, this judgment must be reversed. The real consideration of the note in suit, was the compromise of a claim against the defendant, for which he considered there was at least some foundation. The representations of *Parker*, no doubt, led to the compromise and the execution of the note; but it was not shown that these representations, or any part of them, were untrue. None of the witnesses profess to be acquainted with *Parker's* patent, or the principle upon which it is governed. The circumstance that the defendant's wheel was made according to the specifications of another patent, does not admit of the inference that his wheel is not an infringement of *Parker's* patent. We are decidedly of opinion that the evidence set out in the record, was insufficient to sustain the defence set up against the note. 8 Blackf. 181. A new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Yaryan*, for the appellants.

*J. S. Reid*, for the appellee.