## Wire *v.* Heaston.

On an appeal from the judgment of a justice of the peace, if the defendant, having been personally subpœnaed, fail to appear, the plaintiff's demand is taken as confessed.

Proof that a person of the same name of the defendant, was served with the subpœna, is sufficient evidence, *prima facie*, of a service on the defendant.

APPEAL from the *Huntington* Circuit Court.

Monday, December 11.

Hovey, J.—This action was commenced before a justice of the peace. Judgment for the plaintiff, and an appeal to the Circuit Court by the defendant. The cause was again tried at the *August* term, 1853. Motion for a new trial overruled, and judgment for the defendant. *Wire* appealed. The record is very imperfect, but it is shown by a bill of exceptions that *Christian Heaston* was subpœnaed as a witness, on behalf of the plaintiff, and being called at the

commencement of the trial in the Circuit Court, failed to appear. The cause of action filed was a note which reads,

"On or before the first day of *September* next, for value received, I promise to pay *Peter Wire* fifty dollars in sawing. *October* 13th, 1849. [Signed] *Christian Heaston.*"

The bill of exceptions does not profess to set out all the evidence in the cause; and the only question properly raised by the record, is as to the effect of the defendant's failure to appear and testify as a witness. The 48th section, p. 459, 2 R. S. 1852, which relates to trials before justices of the peace, provides, that "either party may in all cases have the other sworn as a witness, and if the plaintiff refuse to appear on being personally subpœnaed, or being present refuse to swear, the cause shall be dismissed; if the defendant refuse to appear on being personally subpœnaed, or being present, refuse to swear, the plaintiff's demand shall be taken as confessed; no set-off allowed, and judgment entered accordingly; but such testimony shall not be used as evidence in any other case, civil or criminal, against such party testifying;" and the 67th section, page 463, of the same act, provides, that on appeal the same rules shall be observed as on trials before the justices of the peace. Under these sections, as the defendant was subpœnaed and did not appear, it was not necessary for the plaintiff to adduce any evidence; the Court was compelled to take his cause as confessed.

The defendant insists that it was not sufficient for the plaintiff to show that *Christian Heaston* was subpœnaed, but that he should have gone further and identified him with the defendant. This we think would be requiring too much of the plaintiff. The proof made by him was *prima facie* evidence of service on the defendant, and sufficient for default unless the contrary was shown. The rule insisted on by the defendant's counsel, would require proof of identity in every case of default, in ordinary suits.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. R. Slack*, for the appellant.

*J. R. Coffroth*, for the appellee.