REID, Executor of WALKER *v.* ROSS.

Neither the common law, nor the statute of 1843, authorized the assignment of a judgment, so as to enable the assignee to proceed thereon in his own name.

The statute now in force (2 R. S. 1852, p. 335), seems to make such assignment vest the title in the assignee, and authorizes him to bring any action thereon, in his own name, which could have been brought by the judgment plaintiff.

An assignment of a judgment simply tranfers it to the assignee.; and no liability, as to the solvency of the judgment debtor, attaches against the assignor, in the absence of fraud or express stipulation; it stands upon the same ground as the transfer of any personal chattel.

APPEAL from the *Fayette* Circuit Court.

*Monday, December* 10.

WORDEN, J.—*Ross* sued *Walker* upon the assignment of a judgment by the latter to the former. The complaint avers, in substance, that on, &c., *Walker* recovered, in the *Fayette* Circuit Court, a judgment against one *Petro*, for the sum of $345, with costs of suit; and that afterward, on *October* 9, 1858, *Walker* assigned the judgment, in writing, on the judgment docket, to the plaintiff, which assignment was duly attested by the clerk, &c. That afterward an execution was

issued upon the judgment, which was duly returned by the proper sheriff, indorsed "*nulla bona.*" That at the time of the assignment of the judgment *Petro* was wholly insolvent, wherefore, &c.

The assignment of the judgment set out, contains no stipulations as to the solvency of the judgment debtor, or otherwise; it is a simple assignment, by which the judgment was transferred to the plaintiff. The defendant demurred to the complaint because it did not contain facts sufficient, &c. The demurrer was overruled and exception taken: whereupon such further proceedings were had, as that final judgment was rendered for the plaintiff.

The first question presented by the record involves the sufficiency of the complaint, and from the view we take of that, it becomes unnecessary to examine any other.

The suit is brought on the supposition that the assignor of a judgment incurs the same liability as the assignor of a promissory note.

Neither the common law, nor the statute of 1843, authorized the assignment of a judgment so as to enable the assignee to proceed thereon in his own name. *Moore* v. *Ireland,* 1 Ind. 531. The statute now in force (2 R. S. 1852, p. 335), seems to make such assignment vest the title in the assignee, and authorizes him to bring any action thereon, in his own name, which could have been brought by the judgment plaintiff; and though the execution issues in the name of the judgment plaintiff, it is to be indorsed by the clerk, for the use of the assignee. But, though this be the case, we are unable to perceive on what ground the assignor is to be held to warrant the solvency of the judgment debtor, as in the case of the assignment of a promissory note. The statute authorizing the assignment contemplates no such warranty, as being involved in a simple assignment. The assignment simply transfers the judgment to the assignee, and no liability, as to the solvency of the judgment debtor, attaches, in the absence of fraud or express stipulation. We see no good reason why this transfer does not stand upon the same ground as the transfer of any personal chattel.

On the other hand, the statute authorizing the transfer of

promissory notes, &c., expressly provides, not only that the assignee may sue the maker thereon in his own name, but also, that having used due diligence in the premises, he shall have his action against his immediate, or any remote indorser. 1 R. S. 1852, p. 378. Similar provisions, authorizing a suit by the assignee of promissory notes, &c., against the assignor or indorser, have been in force in this State since 1818. See R. S. 1831, p. 93; R. S. 1838, p. 118; R. S. 1843, p. 578. The settled law of the State, that an assignee of a note, having used due diligence to collect of the maker, may maintain his action against his indorser, has its foundation in express and positive legislation. No such legislation, however, is to be found in reference to the assignment of judgments; and we can not infer that the Legislature intended to place the assignment of judgments and promissory notes upon the same ground, as to the liability of the assignor. In the one case, they have provided for such liability; in the other, they have not.

In our opinion the demurrer to the complaint should have been sustained; hence the judgment must be reversed.

*Per Curiam.*—The judgment below is reversed, with costs.

*J. S. Reid*, for appellant.

*B. F. Claypool*, for appellee.