*Thursday,
December 13.*

---

WOODWARD and Others *v.* MATHEWS.

Promissory notes payable to order or bearer in a bank in this State, are alone made negotiable as inland bills of exchange; and a note payable to bearer, but not in a bank in this State, though negotiable, is subject to whatever defense or set-off the maker of such note had before notice of assignment.

A written cotemporaneous agreement, showing the consideration and conditions upon which a promissory note was given, may, in a suit upon the note, be given in evidence as part of the same contract.

APPEAL from the *Morgan* Common Pleas.

HANNA, J.—Suit on note by appellants, who averred that long before the same became due it was "negotiated, assigned,

*Thursday,
December 13.*

Nov. Term,
1860.

WOODWARD
v.
MATHEWS.

sold, and delivered to them for a valuable consideration," &c. Answer: 1. Want of consideration. 2. That the note was procured by false and fraudulent representations. 3. That the note was given to procure the exclusive right to use or vend a certain corn sheller, in, &c.; and that cotemporaneously with the execution of said note, the vendor of said right executed to defendant an agreement, which is copied, that if defendant "could not in ten days make a trade of said machine, or territorial right to use the same, said notes were to be surrendered."·

A separate demurrer filed to each paragraph of the answer, was overruled.

It is insisted that as the note was to the payee or bearer, and came into the hands of plaintiffs for a valuable consideration, in good faith, before due the defense here attempted to be set up, can not maintain, as against said plaintiffs, under these circumstances. It is admitted that 1 R. S., § 3, p. 378, provides for such a defense, where it accrued before notice of the assignment; but it is contended that as the statute referred to was approved *May* 12, 1852, that it was repealed by subsequent legislation, viz.: 2 R. S., § 6, p. 28, and § 81, p. 44, approved *June* 18, 1852.

Section 6 provides, among other things, that "all actions by assignees shall be without prejudice to any set-off or other defense existing at the time of, or before, notice of the assignment, except actions on negotiable promissory notes and bills of exchange, transferred in good faith, and upon good consideration, before due."

Section 81 is, that "a failure or want of consideration may be pleaded to any action, &c., except instruments negotiable by the law merchant, and negotiated before falling due."

Instructions were asked and refused, bearing upon the same point.

What is the proper construction of these statutes? We think, looking at the statute of *June* 18, and the whole of the act of *May* 12, especially § 6 thereof, that it was the intention of the law makers to exclude the makers, &c., of notes, payable to order or bearer in a bank in this State, from setting up certain defenses; but that it was not the intention to pre-

vent the makers, &c. of notes, although negotiable, from setting up such defense, unless it was so payable.

It is urged that the third paragraph was bad for setting up the cotemporaneous agreement. The question was also reserved upon the objection to the admission of the agreement in evidence.

We think the note and written agreement were but parts of one contract, and that it was properly pleaded and rightly admitted in evidence to show the whole of the terms, and give full force to that contract. *Patterson* v. *Crawford*, 12 Ind. 241; *O'Donald* v. *The Evansville, &c. Railroad Co.*, 14 Ind. 259.

We do not see any error in the case.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. V. Burns* and *H. Burns*, for appellants.

*W. R. Harrison*, *J. W. Gordon* and *J. A. Beal*, for appellee.