Collier *v.* Mahan.

## COLLIER *v.* MAHAN.

PROMISSORY NOTES—CONTRACTS.—*A* held the promissory note of *B* for 100 dollars, dated *September* 20th, 1854, due in six months. An agreement was made between *A*, of the one part, and *C*, *D* and *E*, of the other, by which the latter agreed to pay certain debts of *A*, for which *A* transferred to them certain property, including said note, of which a schedule was made, in which it was stated that the note was assigned to them without recourse on *A*. One of said assignees afterwards transferred the note to *F*, who probably knew that the assignment by *A* was without recourse. After the note was transferred to *F*, *A* indorsed it, but without consideration. Due diligence was used to collect the note of *B*.

*Held*, 1. That if the indorsement of the note by *A*, and the execution of the assignment, as stated in the schedule, without recourse on him, were concurrent acts, they should be construed together as constituting but one contract, which contract, so construed, exempts *A* from further liability.

2. But, if the indorsement by *A* was made after the note came into the possession of *F*, *A* is not liable thereon, because his indorsement was without consideration.

3. Parol evidence is admissible to show that a written contract was made without consideration.

APPEAL from the *Putnam* Common Pleas.

WORDEN, J.—Action by *Collier* against *Mahan* upon his indorsement of a promissory note. Issue, trial, verdict and judgment for the defendant.

The facts, so far as it is necessary to state them in order to an understanding of the merits of the case, are as follows: The defendant held a promissory note against *Thomas Loftus* for over 900 dollars, dated *September* 20, 1854, due six months from date. An agreement was entered into between the defendant of the one part, and *Wm. S. Mahan, David W. Standiford* and *William W. Standiford* of the other, by which the

Collier *v.* Mahan.

latter agreed to pay certain debts of the defendant, for which the defendant transferred to them certain merchandise, notes and accounts, amongst which was the note in question. At the same time a schedule of the notes, &c., was drawn up and the assignment made, as expressed in the schedule, without recourse on the defendant. One of the assignees afterwards transferred the note in question to *Collier*, who knew the assignment had been made without recourse. The note appears to have been indorsed by the defendant, but it appears from the evidence that the indorsement was not made until after it came into the hands of *Collier*, from whom, however, the defendant never received any consideration for the indorsement. The inference is that it was indorsed for the purposes only of a suit by *Collier* against the maker. It may be observed that the defendant's is the only name upon the note, and his indorsement is in blank. Due diligence had been used to collect the note of the maker, with only partial success.

We regard it as immaterial whether the indorsement was made by the defendant at the time of the assignment to *Wm. S. Mahan* and the *Standifords*, or not until after the note came into the hands of *Collier;* as, upon either hypothesis, the defendant is not liable on his indorsement. If the indorsement of the note and the execution of the assignment without recourse upon the schedule mentioned were concurrent acts, they are to be construed together as constituting but one contract, and that contract, by its terms, cuts off any recourse on the defendant. *Leach* v. *Leach*, 4 Ind. 628; *Thompson* v. *Allen*, 12 Ind. 539; *Woodward* v. *Mathews*, 15 Ind. 339. This in no manner violates the rule that parol evidence can not be admitted to contradict or vary the effect of a written instrument. The two papers are in writing, and both constitute, in effect, but one instrument.

It is equally clear that if the indorsement was made after

the note came into the hands of the plaintiff, he can not recover thereon, because he paid the defendant nothing for making such indorsement. If the indorsement was then made, it was a contract between the plaintiff and defendant and no one else; and being without consideration, no action will lie upon it against the defendant. Though parol evidence can not be admitted to vary the effect of a written instrument, it is admissible to show that a written instrument was made without consideration.

The judgment below appears to have been right upon the merits, and must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. A. Matson, J. A. Scott* and *D. R. Eckels,* for the appellant.

*Williamson & Daggy,* for the appellee.