*J. B. McFadden*, for appellee.

------------●------------

## SHIRTS *v.* IRONS.

WARRANTY.—*Assignment of Account.*—In a mere assignment of a claim or account there is no warranty of its value.

EVIDENCE.—*Hearsay.*—The declarations of a person upon whom an order for the delivery of goods is given are not evidence against the maker of the order.

DEPOSITION.—*When Used.*—When the deposition of a witness, who does not reside in the county of the trial, or in an adjoining county, has been taken by one party, the fact that the other party has had the witness present and has examined him during the trial, does not prevent the reading of the deposition,

Shirts *v.* Irons.

if the witness be not present when it is offered, having been discharged by the party who procured his attendance.

APPEAL from the Hamilton Common Pleas.

BUSKIRK, J.—This is the second time that this case has been in this court. The opinion of the court will be found in 28 Ind. 458, to which we refer for a statement of the case. When this case was here before, the record was very imperfect and defective, but it is now in a much worse condition. A large number of errors have been assigned and argued, but in consequence of the condition of the record only two or three of them can be considered. We are informed by the clerk that a demurrer was filed and overruled to the second paragraph of the reply, but there is no demurrer in the record, and the clerk says there is none in his office. We are also informed by the clerk that a written motion was filed to strike out the second paragraph of the reply, but the motion is not in the record, and the clerk says there is no such paper among the files; and if the motion had been copied into the record it would not have availed the appellant, as the motion and the ruling of the court thereon are not made a part of the record by a bill of exceptions. In this condition of the record, there is no question presented as to the sufficiency of said paragraph of the reply.

The appellant claims that the court erred in excluding certain evidence offered by him, tending to show that the contract set up in the second paragraph of the reply was executed without any consideration, and that the appellant was induced to make such contract by the false and fraudulent representations of the appellee. The third, seventh, and eighth paragraphs of the answer contained matters of payment and set-off. The second paragraph of the reply is directed to all the matters set up and relied upon in said several paragraphs of the answer. It is alleged in the said reply, that the appellant and appellee were partners in a sutler's store, at Nashville, Tennessee, and were connected with the seventieth regiment of Indiana volunteers; that the appellee sold his interest in such business to the appellant and one Pearson, and

that they agreed in writing, a copy of which was filed, to pay all the debts of the said firm, and that the payments alleged in said several paragraphs of the answer were payments made upon such partnership debts.

The said contract was as follows:

"NASHVILEE, TENN., January 2d, 1863.

"This is to certify that we, William Pearson and Augustus F. Shirts, have, this day, bought of Jonathan Irons, his interest in the sutlery of the seventieth regiment Indiana volunteers; that we agree to pay all debts, yet unpaid, that have been contracted since William Irons sold out to Jonathan Irons.                    WILLIAM PEARSON,

AUGUSTUS F. SHIRTS."

It appears from a bill of exceptions that the appellant offered to prove that the above contract was obtained by the plaintiff for and in consideration of the accounts sold by Irons to Shirts, which were alleged to be insolvent and worthless, to which the plaintiff objected, and the court sustained the objection, on the ground that parol proof was not admissible to explain or vary the terms of said instrument, and excluded the evidence, to which the appellant excepted.

The contract alleges that Irons had sold his interest in the sutlery of the seventieth regiment of Indiana volunteers, and that the purchasers thereof agreed to pay all the debts, yet unpaid, that have been contracted since William Irons sold out to Jonathan Irons.

The appellant offered to prove that the interest referred to in said instrument was the accounts due the said firm, and which were sold by Irons, and that the accounts were worthless and upon insolvent persons. Was the evidence admissible? The evidence offered did not tend to show that the instrument set up in the reply was obtained by fraud. The legal effect of the evidence offered was to prove that the instrument was executed without any consideration. It is provided by section 81, of the code, that "a failure or want of consideration in whole or in part, may be pleaded to any action, set-off, or counter claim upon or arising out of any

specialty bond or deed, except instruments negotiable by the law merchant, and negotiated before falling due."

The allegation of new matter in the reply is to be deemed controverted as upon a direct denial or avoidance. *Zehnor v. Beard,* 8 Ind. 96.

In *Cunningham* v. *Banta,* 2 Ind. 604, it was held, that where the instrument did not purport to set out the consideration in full, nor the manner of payment, that parol evidence was admissible to show what the consideration was, and how it was to be paid, and that such evidence did not contradict the deed.

In *Orth* v. *Sharkey,* 4 Ind. 642, it was held that it was competent to prove by parol the consideration of the note, but incompetent to prove a verbal contemporaneous agreement varying the terms of the note.

In *Rockhill* v. *Spraggs,* 9 Ind. 30, this court held that where the consideration mentioned in a deed was a valuable one, it might be shown by parol to have been a good consideration. The opinion in this case contains a very full review of the authorities in this country and in England upon the point under consideration.

The ruling in *Rockhill* v. *Spraggs, supra,* was followed in *Jones* v. *Jones,* 12 Ind. 389.

It was held by this court, in *Collier* v. *Mahan,* 21 Ind. 110, that "though parol evidence cannot be admitted to vary the effect of a written instrument, it is admissible to show that a written instrument was made without consideration."

It was held by this court, in *The City of Aurora* v. *Cobb,* 21 Ind. 492, that "where an instrument is executed as a contract, between private parties, acknowledging the receipt of the consideration, whether it be money or specific articles, or a promise or undertaking to be executed by one party, it may be shown, in bar of a suit on such instrument, that the consideration was not received; and no recitals in such instrument will estop the party interested to plead the want or failure of consideration."

The instrument made a part of the reply is not very full

and satisfactory.   It recites that Irons had that day sold his·
interest in the sutlery of the seventieth regiment of Indiana
volunteers to Shirts and Pearson, and that they agreed to pay
all debts yet unpaid that had been contracted since William
Irons sold out to Jonathan Irons.   The instrument does not
show what the interest of Irons was, nor in what it con-
sisted.   It may have been the stock in trade; it may have
been the horses and wagons employed in the business; it
may have been the accounts due him for goods sold, or it
may have been all of these things.   It would not have varied
or contradicted the written instrument to have admitted
parol evidence to show what was the real consideration of
the promise to pay the debts of the said Jonathan Irons,·
contracted subsequent to his purchase from William Irons.

It is quite clear to us that the exclusion of the evidence
offered cannot be sustained on the ground that it varied or
contradicted the written instrument, but if it was incompe-
tent or inadmissible for any other reason than that stated in
the bill of exceptions, the ruling of the court would not be
erroneous.   Courts may rule correctly, and yet give bad
reasons for such rulings.   We can only look to the legal
effect of the decision, without reference to the reasons
assigned, or which operated on the mind of the court.   The
true inquiry is, did the ruling affect, injuriously, the legal
rights of the party complaining thereof.   If it did, the case
should be reversed, otherwise not.

The object of the evidence offered and excluded was, to
prove that the promise of the appellant to pay all the debts
that had been contracted by Jonathan Irons subsequent to
his purchase from William Irons, and which remained un-
paid, was the sale by Jonathan Irons to the appellant and
Pearson of the accounts due to Irons for goods sold, and
that said accounts were "insolvent and worthless."

Was such evidence admissible for any purpose?   The
solution of that question depends upon whether a person
who sells an account warrants the genuineness of the ac-

count, and the solvency of the person on whom said account is.

Section 6 of the code, 2 G. & H. 38, provides that, "when any action is brought by the assignee of a claim, arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment, or his interest in the subject of the action."

In the case under consideration, there was no indorsement in writing on the accounts. There was a simple sale of the accounts, and a delivery, which only amounted to an equitable assignment. No action could have been maintained on them by the assignee, without the assignor was made a defendant. *Swails* v. *Coverdill*, 17 Ind. 337.

Section 4 of an act of March 11th, 1861, concerning the assignment of promissory notes and other instruments in writing signed by any person, provides as follows:

"Sec. 4. Any such assignee, having used due diligence in the premises, shall have his action against his immediate or any remote indorser, and in a suit against a remote indorser, he shall have any defence which he might have had in a suit brought by his immediate assignee." 2. G. & H. 658.

It has been repeatedly decided by this court that the right of the assignee to maintain an action against an assignor "has its foundation in express and positive legislation." A large number of the cases are collected in note 5, 2 G & H. 658.

It was held by this court, in *Reid* v. *Ross*, 15 Ind. 265, that the assignor of a judgment did not warrant the solvency of the judgment debtor. The court say: "But, though this be the case, we are unable to perceive on what ground the assignor is to be held to warrant the solvency of the judgment debtor, as in the case of the assignment of a promissory note. The statute authorizing the assignment contemplates no such warranty as being involved in a simple assignment. The assignment simply transfers the judgment to the assignee, and no liability as to the solvency of the judgment debtor attaches, in the absence of fraud or express stipulation. We see no good reason why this transfer does not

stand upon the same ground as the transfer of any personal chattel.

"On the other hand, the statute authorizing the transfer of promissory notes, etc., expressly provides not only that the assignee may sue the maker thereon in his own name, but, also, that having used due diligence in the premises, he shall have his action against his immediate or any remote indorser."

In the absence of fraud or express stipulation, there is no warranty of solvency in the sale of accounts. The common law gives no right of action to the assignee of a note against the assignor, for we have seen that right is conferred by statute. The act of March 11th, 1861, authorizing the assignment of promissory notes, etc., does not embrace accounts, for they are not "signed by any person" within the meaning of that statute.

Section 6 of the code, authorizing the "assignee of a claim arising out of contract, and not assigned by an indorsement in writing," does not give to the assignee any action against the assignor.

The appellant did not offer to prove that there had been any false and fraudulent representations or express warranty as to the solvency of the claims. This proposition was to prove that the consideration for the agreement to pay the outstanding debts was the sale of the accounts, and that they were insolvent and worthless.

If the testimony had been admitted, it would not have availed him, for it would have been the duty of the court to have told the jury that it did not prove a warranty of the solvency of the claims, or create any liability against the assignor.

We are of the opinion that the court committed no error in excluding the evidence.

It is also claimed that the court erred in excluding the declarations of Payne, James & Co. The question arises in this manner. When Irons sold his sutlery to the appellant, he sold him certain goods that were in the warehouse of Payne, James & Co., and gave the appellant an order on said

house for such goods.  The appellant testified that he presented the order, and that said firm refused to deliver the goods.  It was then offered to prove that the reason the said firm gave for not delivering the goods was, that they held a lien on them for about four hundred dollars.  To the admission of this evidence the appellee objected, and the objection was sustained by the court, and the appellant excepted, and assigns this ruling for error.

We are of the opinion that the court committed no error in excluding the evidence.  It was competent for the appellant to testify whether he did or did not receive the goods on the order, but it was incompetent for him to state the reasons assigned by the firm of Payne, James & Co. for refusing to deliver them.  They were third parties, and their declarations would have been hearsay.  It does not appear that the appellee was present, and he could not be bound by the declarations of third parties.

It is next assigned for error, that the court erred in excluding from the jury certain questions and answers in the deposition of William W. Irons.  It appears of record that the appellant took the deposition of the said Irons, who resided in Hendricks county, in this State; that the appellee produced in court the said Irons, who was examined in chief, cross examined, and re-examined; that the appellee had discharged the said witness, who had returned home and was not present at court, when the appellant offered to read certain portions of his deposition as rebutting evidence.  The court excluded the evidence.  Was such exclusion proper?

It is claimed by the appellee that the ruling was correct; for the reason that William W. Irons, having been present in court during the trial, his deposition could not be read.  Section 252 of the code, 2 G. & H. 176, reads as follows:

"Sec. 252.  No deposition shall be read in evidence on the trial of a cause, if at that time the witness himself is produced in court, unless the deposition has been taken by agreement of the parties, or by the order of the court."

It is claimed by the appellee that the proper construction

of the above section is, that if the witness is produced in court at any time during the progress of the trial, his deposition cannot be read in evidence; while, on the other hand, it is maintained that the deposition can be read if the witness is not in court when the deposition is offered in evidence.

In a case like the present, we are inclined to adopt the construction contended for by the appellant. The trial was had in Hamilton county. The witness resided in Hendricks county. We take judicial notice of the fact that Hendricks county does not adjoin Hamilton county. The appellant could not have compelled the attendance of the witness by subpœna and tender of fees. His only means of procuring his testimony was by taking his deposition. This mode he adopted. The appellee, being the brother of the witness, produced him in court as his witness; and after he had been examined, he was discharged by the appellee without the knowledge or consent of the appellant. The appellant had no control over the witness. The appellee, having induced his personal attendance, had the right to discharge him. The appellant could not have compelled the witness to remain in attendance at the court, by having him subpœnaed and fees tendered, in Hamilton county. See secs. 232 and 233, p. 167, and sec. 250, p. 175, 2 G. & H.

We think the court erred in excluding the deposition, as the witness was not present at court when the same was offered in evidence. The rule would be otherwise where the party could enforce the attendance of the witness.

It is also insisted by the appellant that the court erred in overruling the demurrer to the second paragraph of the reply. It is claimed that it was a departure. We do not think so. The ruling of the court was correct.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings, in accordance with this opinion.

*A. F. Shirts*, for appellant.

*L. M. Campbell*, for appellee.