*D. P. Baldwin*, for appellants.

---

### HELLER, Receiver, *v.* CRAWFORD.

EVIDENCE.—*Appeal.*—*Justice of the Peace.*—In a suit on a premium note given for a policy of insurance, evidence of the want of consideration may be given under the denial put in by the statute, on trial in the court of common pleas, on an appeal from a justice of the peace.

SAME.—*Declarations of Agent.*—In such action, the declarations of the agent, made at the time of making the contract, and relating thereto, are admissible in evidence against the insurance company.

SUNDAY.—*Contract.*—A contract of insurance made on Sunday, and not subsequently ratified, is void.

APPEAL from the Hendricks Common Pleas.

BUSKIRK, J.—This was an action by the appellant against

the appellee, on a premium note, made payable to the Farmers' Insurance Company. The action originated before a justice of the peace. The case was tried before the justice and in the common pleas, upon the denial put in by the statute. There was a finding in both courts for the appellee. A motion for a new trial was overruled, and an exception taken.

The only error assigned, that we can consider, is based upon the refusal of the court to grant a new trial. All the other errors assigned were reasons for a new trial.

It is claimed that the court admitted over the objection and exception of the appellant incompetent evidence. The evidence objected to was as follows:

The appellee was examined as a witness on his own behalf. He was asked to "state what the agent represented to you when you signed the notes?"

This question was objected to on the grounds, first, that the answer would go to contradict the written instrument; second, that no pleadings are on file in this court in answer to plaintiff's complaint; third, that no agent is shown by the evidence to have been authorized to act for the company.

There is nothing in the first objection. The evidence was admissible to prove the want or failure of consideration, or to show what was the real consideration, or that the execution of the note had been obtained by fraud. *Shirts* v. *Irons,* 37 Ind. 98.

The second objection is answered by sec. 34 of the Justice's Act, 2 G. & H. 585, which provides that "all matter of defence, except the statute of limitations, set-off, and matter in abatement may be given in evidence without plea; matter in abatement must be pleaded under oath; provided, that the execution of a written instrument, or any assignment thereof, sued on, shall not be denied, except by special plea, verified by affidavit."

It is provided by sec. 67 of said act, 2 G. & H. 596, that a cause on appeal shall be tried under the same rules and regulations prescribed for trials before justices.

An issue good before a justice of the peace is good in the

circuit or common pleas, on appeal. *Monday* v. *Utter*, 15 Ind. 447; *Button* v. *Lent*, 10 Ind. 365; *Chapman* v. *Clevinger*, 10 Ind. 23; *Kinch* v. *Weatherall*, 2 Ind. 226; *Weikel* v. *Probasco*, 7 Ind. 690; *Wire* v. *Heaston*, 5 Ind. 539.

The third objection, if sustained, would prove too much. If there was no agent authorized to act for the company, we are unable to see how any valid contract could have been made. The declarations of an agent while engaged in the transaction of the business of the principal and relating thereto are admissible in evidence. *Hays* v. *Hynds*, 28 Ind. 531.

We are of the opinion that the court committed no error in admitting such evidence.

The next question presented for our decision is, whether the finding of the court was contrary to evidence.

The principal defence to the action was that the contract was made on Sunday. The evidence conclusively shows that the appellee signed the application, and executed the notes on Sunday. The parties knew that it was Sunday, and to avoid the illegality of the transaction post-dated the application and the notes some two or three days. There was no evidence tending to show that there was a subsequent ratification of the contract.

The contract was illegal, and, in our opinion, the court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*P. W. Bartholomew*, for appellant.

*L. M. Campbell*, for appellee.