Gwinn v. Simes, et al.

————o————

WM. A. GWINN, Defendant in Error, *vs.* BENJ. S. SIMES, *et al.*, Plaintiffs in Error.

1. *Contracts, illegality of—Mortgage given on week day for note made on Sunday.*—A mortgage given to secure the payment of borrowed money, and dated on a secular day of the week, may be enforced, though the note was made and executed and the money was borrowed on Sunday. Where the original consideration is immoral or illegal no new promise based thereon can be of any avail. But in the case supposed the original consideration of the mortgage, viz.—the obligation to return the money—was neither immoral nor illegal. The promise to pay alone was tainted with illegality; and where such is the fact, although the promise cannot afterward be ratified so as to impart validity to it, yet a new promise founded on such obligation and relieved of the illegality, would be legal. And the mortgage in the case stated is such a new promise.

*Error to Saline County Circuit Court.*

*Crandall & Sinnett,* for Plaintiffs in Error.

The contract was made on Sunday in violation of the statute, and is illegal and void. (Wagn. Stat., 504, § 32 ; Barnard vs. Lapping, 32 Mo., 341 ; Peltz vs. Long, 40 Mo., 532 ; 1 Pars. Cont., 458 ; 24 N. Y., 353 ; Myers vs. Meinath, 3 Am. Rep., 368, and notes ; Hill vs. Wilkee, 5 Am. Rep., 540, and authorities cited.)

Nor can the contract made in violation of the statute be ratified and made valid, because, 1st, there is no contract to ratify, and 2d, that would be to punish the doing of an act indirectly, that is prohibited being done directly. (Gray vs. Hook, 4 N. Y., 449 ; Moncure vs. Dermott, 13 Pet., 345 ; Walker vs. Bank of Washington, 3 How. U. S., 62 ; Brady vs. Rea, 4 Am. R., 524 ; 103 Mass., 190 ; Payne vs. Darby, 20 N. J., 233 ; Reeves vs. Butcher, 31 N. J., 225 ; Pope vs. Linn,

50 Me., 83; Finn vs. Donohue, 35 Conn., 218.) The mortgage is only a·collateral obligation designed as security for the performance of the original contract (1 Hill. Mort., p. 4) and cannot impart validity to affect the contract secured by it.

The contract being illegal and void, the mortgage is without consideration and void, and cannot be enforced. (Dewitt vs. Brisbane, 16 N. Y., 508; Tyler vs. Yates, 3 Barb., 222; Leavitt vs. Palmer, 3 N. Y., 19; Morgan vs. Tipton, 3 McLean, 339.)

*Shackelford & Hays,* for Defendant in Error.

1. The note was valid even though executed on Sunday, if given for a valid debt; and the mortgage executed afterwards to secure the note was valid. And whatever may have been the facts as to whether the note was executed on Sunday, neither will justice nor public morals be promoted by allowing the defense. (Kaufman vs. Ham, 30 Mo., 387.)

II. The contract was not completed until the execution and delivery of the mortgage. (Fritsch vs. Heislen, 40 Mo., 557.)

III. A contract made on Sunday, which is afterwards ratified and completed, will be enforced. (11 ed. Chit. Cont., 2 vol., p. 588, and cases cited; 2 Pars. Cont., last edition, p. 763.)

Hough, Judge, delivered the opinion of the court.

This was a proceeding to foreclose a mortgage made by the defendants, to secure the payment of a promissory note for the sum of two thousand and sixty dollars, executed by the defendant, Benjamin Simes, and dated September 7, 1863. The mortgage was signed on the 12th day of September, and acknowledged on the 17th day of September, 1863. The defendants pleaded in bar of a recovery and foreclosure, that· the consideration of the note sued on was money loaned by the plaintiff to the defendant, Benjamin Simes, and that said loan was made and the note therefor executed on the 6th day of September, 1863, which was the first day of the week, commonly called Sunday.

There was no averment that the note so executed was delivered on Sunday, but this defect in the plea was cured by the replication and the subsequent proceedings in the cause. The testimony as to the time at which the note was executed and delivered, was conflicting. The defendant testified that it was executed and delivered on Sunday, for money loaned by the plaintiff to him upon that day, and the plaintiff testified that the money was delivered by him to defendant on Sunday, but that the note was neither executed nor delivered on Sunday, but upon a subsequent secular day.

The cause was tried by the court without the aid of a jury, and judgment was rendered for the plaintiff. The defendants bring the case here by writ of error.

The question presented for our determination by the instructions which were given and refused by the court below, is, whether the plaintiff can recover if the note in controversy was executed and delivered on Sunday, it being admitted that the money loaned was delivered on that day. Conceding that this contract comes within the prohibition of our statute in relation to the observance of Sunday as a day of rest, on which point we reserve our judgment, the decision of this cause will depend upon the effect to be given to the subsequent execution and delivery by the defendants, on a secular day, of the mortgage made by them to secure the payment of the debt evidenced by this note.

As to the precise nature of the invalidity which attaches to contracts executed upon Sunday, the authorities are numerous and conflicting. In Maine, Massachusetts, and some other states, it is held that such contracts are void and incapable of ratification.

In Vermont the rule is different. In the case of Adams vs. Gay (19 Vermont) Judge Redfield says: "We think contracts made on Sunday should be held an exception, in some sense, from the general class of contracts which are void for illegality; they are illegal only as to the time in which they are entered into; when purged of this ingredient they are like other contracts. Contracts of this kind are not void because

they have grown out of a transaction on Sunday. This is not sufficient to avoid them. They must be finally closed upon that day. And although closed upon that day, yet if affirmed upon a subsequent day, they become valid."

In the case of Tucker vs. West, decided by the Supreme Court of Arkansas, and reported in Cent. Law Jour., vol. 2, p. 607, Chief Justice English concludes, after an elaborate examination of the authorities on the subject, that a note executed and delivered upon Sunday may be ratified "by an express promise made on a week day to pay it." To the same effect are Heller vs. Crawford (37 Ind., 279) and Harrison vs. Colton (31 Iowa), and other cases which need not be cited.

The following general rule on this subject, laid down in Gray vs. Hook (4 Comst., 449) is approvingly stated in Woodworth vs. Bennett (43 N. Y., Ct. App., 273): "The distinction between a void and valid new contract in relation to the subject matter of a former illegal one, depends upon the fact, whether the new contract seeks to carry out or enforce any of the unexecuted provisions of the former contract, or whether it is based upon a moral obligation, growing out of the execution of an agreement which could not be enforced by law, and upon the performance of which the law will raise no implied promise. In the first class of cases, no change in the form of a contract will avoid the illegality of the first consideration, while expressed promises, based upon the last class of considerations, may be sustained."

In the case of Reeves vs. Butcher (31 N. J. Law Rep., 224) Beasley, Ch. J., speaking in reference to the ratification of Sunday contracts, says: "There is undoubtedly a class of claims which, having a moral, but no legal, efficacy, can be the subjects of ratification. But it is to be remembered that the effect of a ratification is to impart validity to the original agreement. Such act creates no new obligation; it merely extends the continuance of, or legalizes, one already in existence. The maxim of the law is, '*Omnis ratihabitio retro trahitur et mandato priori equi paratur.*' It follows, therefore, as a consequence which is entirely unavoidable, that there

can be no such thing in law, strictly speaking, as a ratification of a transaction, which, at the time of its performance, was prohibited by statute. The parties cannot legalize that which the law has declared illegal."

The foregoing extract commends itself to our judgment as a logical and perspicuous presentation of the true rule upon this subject. There is no decision of this court directly applicable to the point now under consideration.

As the law will not aid either party to an illegal transaction, by implying, from the circumstances or subject matter of such transaction, any obligation on the part of either, which it will enforce, a new express promise must always appear in order to create any legal obligation, and where the original consideration was immoral or illegal, of course no new promise based thereon can be of any avail. But in the case at bar the original consideration was neither immoral nor illegal. The promise alone is infected with the taint of illegality.

There was certainly a moral obligation resting upon the defendant Simes to return, or in some way account for, the money received by him from the plaintiff on Sunday, although the law would not imply any promise on his part from such moral obligation. This obligation, however, was a sufficient consideration to support an express promise, made at a time not prohibited by law, to repay this money. But the original promise cannot thereby be removed from under the interdict of the statute, and the declaration should be upon the new promise.

In this case a new promise is found over the hands and seals of the defendants, in the mortgage which the plaintiff seeks to foreclose. It recites the receipt of a consideration of two thousand and sixty dollars, the giving of the note herein conceded to be illegal, and stipulates that if the money specified in said note shall not be paid at the time designated therein, then the conveyance thereby made shall remain in full force. This conveyance is in law an enforceable security for the payment of the debt which it recognizes or recites;

and the averments in the petition of the undertakings therein are sufficient to support the judgment.

The judgment is affirmed. The other judges concur.