No. 10,015.

## McCurdy et al. *v.* Bowes.

Receiver.— *Certificate of Indebtedness.*— *Endorsement.*— *Assignment.*—*Guaranty.*—*Statute of Frauds.*—The receiver of an insolvent corporation issued to B. a certificate of indebtedness, which recited that, by order of the court appointing him, the receiver acknowledged an indebtedness by the corporation to B. in a certain sum, being one of a series of such certificates, constituting the first claim upon the earnings of the corporation. B. endorsed his name upon this and delivered it to the plaintiff.

*Held,* that the certificate was not negotiable as commercial paper, nor was it assignable as a promissory note, so as to create the liability incident to an endorsement of the former, or an assignment of the latter.

*Held,* also, that the endorsement did not make the endorsee liable as a guarantor.

*Held,* also, that a parol contract of guaranty, in such case, is within the statute of frauds.

*Held,* also, that the endorsement did not imply a warranty that the certificate was collectible and would be paid.

DECEDENTS' ESTATES.—*Liability of Heirs and Legatees.—Limitation of Action.* —A complaint against the sole heir and legatee of a decedent, averring an indebtedness of the deceased to the plaintiff, that the estate was finally settled in due course by an executrix, the plaintiff being for six months prior to such settlement and still absent from the State, and that the defendant, as heir and legatee, had received as assets from the estate a sum named, is good on demurrer, the suit having been brought within two years from such final settlement.

From the Laporte Circuit Court.

*S. E. Williams, J. Crumpacker* and *E. A. Angell,* for appellants.

*W. H. Bruce* and *H. H. Bowes,* for appellee.

ELLIOTT, J.—Four of the paragraphs of the appellants' complaint count upon an assignment of a certificate of indebtedness issued by the receiver of an insolvent corporation to appellee's testator, which recites that the receiver, by order of the District Court of the United States for the eastern district of Michigan, acknowledges an indebtedness of the corporation to William R. Bowes, in the sum of $10,000, and that it is one of a series of certificates constituting the first claim to the earnings of the corporation; the assignment is in blank. The assignees received on the certificate $7,500, and seek, by their complaint, to recover of the appellee as the representative of the deceased assignor the remainder of the sum evidenced by the certificate.

The first paragraph of the complaint seeks a recovery upon the ground that the certificate is a negotiable instrument, and the assignor chargeable as an ordinary endorser of a note or bill. It is clear that no recovery can be had upon this ground for the obvious reason that the instrument is not negotiable as commercial paper. It has none of the elements of a negotiable instrument; it is the mere acknowledgment that a debt

is due the payee, payable out of a specific fund. There is entire harmony upon this point in the adjudged cases. All agree in holding that such certificates are not promissory notes or bills of exchange. *Turner* v. *Peoria, etc., R. R. Co,* 95 Ill. 134; S. C., 35 Am. R. 144; *Union Trust Co.* v. *Chicago, etc., R. R. Co.,* 7 Fed. R. 513; *Baird* v. *Underwood,* 74 Ill. 176; *Newbold* v. *Peoria, etc., R. R. Co.,* 5 Bradwell, 367; *Stanton* v. *Alabama, etc., R. R. Co.,* 2 Woods C. C. 506; *Dawkes* v. *Lord De Lorane,* 3 Wils. 207; *Mechanics' Bank* v. *New York, etc., R. R. Co.,* 13 N. Y. 599, 623.

The second paragraph of the complaint proceeds upon the theory that the assignor of such a certificate is liable as the assignor of a non-negotiable promissory note. There are at least two reasons why the instrument can not be regarded as a promissory note: *First.* There is no promise on the part of the signer to pay. *Second.* The instrument is payable out of a specific fund, and does no more than evidence a claim on that fund. It is a rudimental principle that a promissory note must contain the maker's promise to pay. It is, in truth, impossible to conceive a promissory note without a promise. A promissory note, unlike the instrument before us, is more than an acknowledgment that a sum of money is owing and payable out of a fund to arise in the future. *Mills* v. *Kuykendall,* 2 Blackf. 47; 1 Daniels Neg. Inst. (3d ed.), sec. 50.

The third paragraph charges that the deceased bound himself as a guarantor. It is quite clear that an assignor of a certificate of indebtedness issued by a receiver is not bound as a guarantor, for the law annexes no such incident to his assignment.

The verbal contract of guaranty is within the statute of frauds. Conceding, but by no means deciding, that parol evidence is competent to annex to the written assignment a contract of guaranty, it is still clear that no action can be maintained, for the contract is a verbal one. If part of such a contract rests in parol, the entire contract is regarded as a

verbal one. *Board, etc.,* v. *Shipley,* 77 Ind. 553; *Pulse* v. *Miller,* 81 Ind. 190.

Our cases settle the rule, in accordance with the decided weight of authority, that where a pleading shows a contract within the statute of frauds, demurrer will lie. *Pulse* v. *Miller, supra.*

The fourth paragraph puts the right to recover upon the ground that the assignment impliedly warranted that the certificate was collectible and would be paid. We deem this position utterly untenable. It may be that such an assignment warrants the genuineness of the instrument, the capacity of the signer to execute it, the title of the assignor, and his good faith, but that it warrants that the instrument will be paid we do not believe. We have found no case giving any such force to a contract of assignment, and we are sure no sound principle will justify such a conclusion. We find in our reports many analogous cases. The assignor of an account does not warrant the solvency of the debtor. *Shirts* v. *Irons,* 37 Ind. 98; *French* v. *Turner,* 15 Ind. 59. Nor does the assignor of a judgment. *Reid* v. *Ross,* 15 Ind. 265. In the assignment of a certificate of location under a land warrant there is no warranty. *Johnson* v. *Houghton,* 19 Ind. 359. The discussion by Mr. Daniels, in his work on Negotiable Instruments (3d ed.), sections 729–730, proves that there is no warranty of solvency or ability to pay, in such an assignment as the one before us.

The fifth paragraph is for money had and received, and avers that William R. Bowes died, leaving surviving him the appellee, his sole heir and legatee; that she was the executrix of his estate, and that she made final settlement on the 10th day of March, 1881; that she received $5,000 from the deceased's estate; that appellants, for six months next preceding the final settlement, were and still are absent from the State of Indiana. We can perceive no objection to this paragraph, and none has been pointed out. The court, therefore, erred in sustaining the demurrer to it, and for this error the judgment is reversed.