May Term,
1850.

TEETOR
v.
ABDEN.

</div>

------

TEETOR *v*. ABDEN and Others.

Bill in chancery against the administrator and heirs, to subject a certain
town lot left by the deceased to the payment of a judgment assigned to
the complainant. The heirs, by their guardian *ad litem*, answered,
among other things, that the complainant assigned the judgment to one
*Petty*, by the following writing: "*Cambridge City, February* 7th, 1846.
To the clerk of the *Wayne* Circuit Court: Sir—You will please pay to
*William Petty* the amount of my claim which I hold against *Jesse Stew-
art* in the *Wayne* Circuit Court, which was assigned to me by *Isaac
Myers. John Teetor.*" *Held*, that this was not an assignment of the
judgment.

*Held*, also, that the administrator was rightly made a party.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—This was a bill in chancery, filed by
the plaintiff in error, in *July*, 1845, as the assignee of a
judgment rendered, by the *Wayne* Circuit Court, against
one *Stewart*. The object of the bill (the judgment-debtor
being dead) was to subject a certain town lot, left by the
deceased, to the payment of the judgment. The insol-
vency of the estate is alleged. The defendants are the
administrator and heirs of the judgment-debtor.

The administrator demurred to the bill, but the de-
murrer was overruled.

The heirs answered by their guardian *ad litem*. The
answer alleges, among other things, that the complainant
had assigned the judgment to one *Petty*. The complain-
ant replied, stating, among other things, that, in *February,*
1846, he directed, in writing, the clerk of the *Wayne* Cir-

<div style="text-align:right">

*Wednesday,
September 4.*

</div>

May Term, cuit Court to pay over the claim to said *Petty* when col-
1850.    lected. This writing is as follows:—"*Cambridge City,*
SMITH    *February* 7th, 1846. To the clerk of the *Wayne* Circuit
v.       Court. Sir: You will please pay to *William Petty* the
BLATCHFORD. amount of my claim, which I hold against *Jesse Stewart*
in the *Wayne* Circuit Court, which was assigned to me by
*Isaac Myers.*" (Signed) *John Teetor.*" It is alleged that
*Petty* has no other claim in the case.

The Court dismissed the bill, on the ground that *Petty*
should have been a party complainant.

The defendants' counsel insists that the order was an
assignment, in equity, of the judgment to *Petty;* but we
are not of that opinion. The order, instead of being an
assignment of the judgment, was not to operate until the
judgment had been extinguished by the payment of it.
What would be the effect of such an order, when drawn
on the judgment-debtor, is a question which need not now
be examined.

The defendants' counsel also contends that the admi-
nistrator ought not to have been a party, and that his de-
murrer should have been sustained. But the judgment
accords with the case of *Bryer et al.* v. *Chase,* 8 Blackf. 508.

*Per Curiam.*—The decree is reversed, and the proceed-
ings subsequent to the replication set aside, with costs.
Cause remanded for further proceedings. Costs here.

*J. Rariden,* for the plaintiff.

*J. S. Newman,* for the defendants.