Nov. Term,
1853.

FAIRMAN
v.
FARMER.

FAIRMAN v. FARMER and Another.

The R. S. 1831 permitted the payee of a note to proceed at law on the note, and in chancery on a mortgage given to secure it, at the same time; but a satisfaction of either the decree or judgment was a satisfaction of both. An assignment of a decree of foreclosure was as follows: For value received, I assign my interest in the above decree to *A. B.*, with the interest thereon. *January* 11, 1841. (Signed) *C. D.* Held, that, whatever might be the legal effect of the assignment, it was sufficient to empower *B.* to control the decree, collect it, and receipt for it.

*Friday,*
*December 2.*

APPEAL from the *Tippecanoe* Circuit Court.

STUART, J.—*Scire facias* dated *June* 22, 1849, to revive a judgment. The *sci. fa.* alleges that on the 27th of *February*, 1839, *Fairman* recovered a judgment against *Farmer*, in the *Tippecanoe* Circuit Court, for 791 dollars and 74 cents. That on the 16th of *March* following, a *fi. fa.* issued; and that, on the 26th of the same month, *Cole* executed a replevin bond, which, with the execution, was returned by the sheriff, and the bond duly recorded. That execution of the judgment had not been made, but that the same remains unsatisfied.

*Cole* and *Farmer* filed five pleas. The first plea alleges that the judgment was founded on a promissory note for 773 dollars and 49 cents, dated *February* 2, 1837, payable twenty-two months after date, to one *Isaac Harter*, and by him assigned to the plaintiff, *Fairman*. That said note, and another of a larger amount, were secured by a mortgage made by the defendant, *Farmer*, to said *Harter*, of part of a lot in the town of *Lafayette*. That in *June*, 1840, the plaintiff, together with the *Lafayette Insurance Company*, who held the larger note, filed their bill in chancery to foreclose the mortgage. On this bill that the complainant, *Fairman*, had a decree for 907 dollars and 32 cents. That in *January*, 1841, the complainant assigned his interest in the decree to one *Stockton*, and that in *March*, 1841, the defendants paid to *Stockton* 329 dollars and 83 cents. That afterwards, and before the issue

of the *sci. fa.*, *Farmer* paid *Stockton* 100 dollars in a buggy, harness, and chairs, and that on receipt of these, *Stockton* executed to *Farmer* a receipt in full satisfaction of his interest in the decree.

The second plea is similar to the first, with some additional particulars, and avers that the buggy, &c., were received in full satisfaction of the decree.

The third plea does not vary materially from the first and second.

The fourth and fifth pleas are not before us for consideration.

The three several replications to these pleas are in substance the same, and may be stated thus: That as to 230 dollars of said judgment, the plaintiff, before the assignment to *Stockton*, viz., in *July*, 1839, assigned that sum, part of said judgment, to one *Ellis*, on the final record, &c.; that *Ellis*, in *March*, 1842, assigned to *Philip Harter*, and in *May*, 1849, *Philip* assigned back to the plaintiff; that as to the remainder of the judgment, except 329 dollars and 83 cents, made by sale of the mortgaged premises, the plaintiff meant and intended by his assignment to *Stockton*, to transfer the right to that sum only; and that the assignment to *Stockton* was made in consideration of the payment to plaintiff of 295 dollars only.

To the replications to the first, second and third pleas, the defendants filed their general demurrers. Demurrers sustained, and judgment for the defendants. *Fairman* appeals.

The law which governed the mortgage (statute of 1831) permitted the payee of the note to proceed on his note at law and on his mortgage in chancery, at the same time. But a satisfaction of either the decree or the judgment was a satisfaction of both. The assignment of the decree to *Stockton* is in these words: "For value received, I assign my interest in the above decree to *Lawrence B. Stockton*, with the interest thereon. *January* 11, 1841. *Loyal Fairman.*" We can only look to this assignment for what the parties intended. Here is no reservation; nor is there anything in the record to qualify its force.

Whatever its legal effect, it was at least sufficient to empower *Stockton* to control the decree, collect it, and receipt for it.

This *Stockton* had done prior to the issuing of the *scire facias*. There is no allegation of bad faith on the part of *Cole* and *Farmer* in the payment of the decree to *Stockton*. He was duly authorized to receive it; and the payment, on their part, was but the discharge of a legal obligation. The receipt of the mortgage by *Stockton* discharged the debt. The demurrers to the replications were correctly sustained.

*Per Curiam*.—The judgment is affirmed with costs.

*Z. Baird*, for the appellant.