## LAPPING ET AL. *v.* DUFFY ET AL.

JUDGMENT.—*Assignment of.*—A part of a judgment may be assigned, and the assignee may unite in an action to enforce the same with the owner of the residue.

MORTGAGE.—*Merger.—Foreclosure.*—By a foreclosure a mortgage is not so merged in the judgment that the holder of a subsequent incumbrance obtains a priority of lien; but the judgment of foreclosure is a continuation of the mortgage lien.

SAME.—*Satisfaction of.*—A mortgagee, who has assigned the note secured by the mortgage, can not, by his entry of satisfaction of the mortgage upon the mortgage record, affect the rights of an assignee of a judgment on the note and for the foreclosure of the mortgage; incumbrancers whose liens have accrued after such entry will not be protected as purchasers for value without notice of such prior lien.

From the Floyd Circuit Court.

*M. C. Kerr, W. J. Hisey, G. V. Howk,* and *W. W. Tuley,* for appellants.

DOWNEY, J.—This action was by the appellants against the appellees. The court, on demurrer by the defendants to the complaint, held the same to be insufficient, and this ruling is assigned as error. The complaint is long, and need not be set out in full. The material facts stated are the following: That on the 26th day of February, 1859, Duffy and wife mortgaged certain real estate to McClung, to secure the payment of six · promissory notes, executed by Duffy to McClung for purchase-money of the real estate. The mortgage was legally recorded on the same day, and the notes were on that day endorsed and sold by McClung to the Ohio Insurance Company. Duffy paid two of the notes, and on the 26th day of June, 1861, in an action previously commenced, the insurance company recovered judgment against Duffy on the other four notes, and an order of foreclosure of the mortgage against Duffy and wife. This judgment, it is alleged, is still in force and unpaid.

On the 13th day of September, 1861, Kerr purchased the judgment from the insurance company, at the request of Duffy, and it was assigned to him on the record, according to the statute, by the insurance company. On the 4th of

October, 1867, Kerr sold, and, at the request of Duffy in the same manner, assigned to Lapping fifteen hundred dollars of the amount of the principal of the judgment.

On the 2d day of May, 1869, without then having any interest in the mortgage or judgment, and without lawful right or authority, McClung made an entry of satisfaction on the record of the mortgage.

On the 28th day of May, 1869, Duffy and wife executed a mortgage of the same real estate to Winstanley. On the 25th day of April, 1870, they executed a mortgage to Kent. On the 15th day of November, 1870, they executed a mortgage to Keaton. On the 17th day of January, 1872, they executed a mortgage to Curry, as executor, and on the 24th day of October, 1871, Bradley, Peck, and DePauw recovered a judgment against Duffy, which became at that date a lien upon the real estate.

The action is by Lapping and Kerr against the other incumbrancers and Duffy and wife, asking that the rights and equities of the parties may be adjusted; that the entry of satisfaction made by McClung on the record of the mortgage may be declared void; that the judgment may be enforced, and that they may have all other proper relief.

Counsel for appellee have filed no brief, and if we shall fall into a mistake in deciding the case for want of the light which they might afford us, it will be their fault, and not ours. We rely upon the statement of counsel for appellants for the grounds of objection to the complaint urged in the circuit court.

1. That the assignment of a portion of the judgment by Kerr to Lapping was invalid, and hence no right in Lapping to unite with Kerr in the suit is shown. Prior to the enactment of our statute, 2 G. & H. 366, judgments were not assignable so as to vest the legal ownership in the assignee. *Reid* v. *Ross*, 15 Ind. 265. But they were assignable so as to vest the equitable ownership in the assignee, and authorize him to control their collection and receive payment; and under the code he may sue thereon as he might have done

in equity. *Kelley* v. *Love,* 35 Ind. 106; *Fairman* v. *Farmer,* 4 Ind. 436; *Howk* v. *Kimball,* 2 Blackf. 308 ; *Teetor* v. *Abden,* 2 Ind. 183.

The statute relating to the assignment of judgments does not, in terms, authorize the assignment of part of a judgment. There is no good reason why part of a judgment may not be assigned in equity as well as part of any other form of debt. In *Wood* v. *Wallace,* 24 Ind. 226, an assignment of part of a judgment was recognized as valid in equity, and the rights of the assignee enforced. In *Groves* v. *Ruby,* 24 Ind. 418, it was held, that one of two payees of a promissory note might in equity assign his interest to a third person, and that such third person might unite with the other payee in an action, as the real party in interest, to recover the amount of the note.

In *Love* v. *Fairfield,* 13 Mo. 300, it was held, that part of a judgment could not be assigned without the assent of the judgment defendant. It was put on the ground that the debt could not be split up into a number of causes of action, and the debtor subjected to divers actions, unless with his consent. But we think it does not follow that there must be divers actions, if the assignment of part of the judgment is recognized as valid. The several parties owning the judgment may unite in an action upon it, as was done in the case under consideration. We need not hold, and we do not hold, in deciding this case, that a cause of action may be split up and assigned in parcels, so as to give to each assignee a separate action against the debtor to enforce payment of the amount assigned to him.

If the Missouri case enunciates the true rule, then the case under consideration comes within it, for it is alleged that the assignment to Kerr of the whole judgment, and the assignment to Lapping of a part of it, were both made at the special instance and request of Duffy, the judgment debtor.

2. It is further said, that the ground was assumed in the circuit court, that the judgment on the notes and for the foreclosure of the mortgage put an end to the lien of the

mortgage; that the lien of the mortgage was merged in the judgment and lost. If this is so, then as soon as a prior mortgagee has foreclosed his mortgage, he thereby loses the lien thereof, and any junior incumbrancers, whose liens accrued before the rendition of the judgment, though after the lien of his mortgage attached, would be entitled to come in ahead of him, and have a priority over him. We cannot think that there is any principle of law which supports such a rule, and certainly it is without reason to support it. Although, as a general rule, a cause of action is merged in a judgment rendered thereon, we think the rule does not produce the results claimed for it in this case.

3. It is also said, that it was claimed by the incumbrancers whose liens accrued after the entry of satisfaction of the mortgage was made by McClung, that they ought to be protected as purchasers for value, and without notice. We do not think so. According to the allegations of the complaint, McClung, at the time he entered satisfaction of the mortgage, had no interest whatever in the debt, and made the entry without lawful right or authority. It is impossible that his act could, under these circumstances, be binding or obligatory on Lapping and Kerr, or could in any way affect their rights. In our opinion, the court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.