[No. 4180.    Decided April 1, 1902.]

R. W. BARTO, *Appellant,* v. SEATTLE AND INTERNATIONAL RAILWAY COMPANY, *Respondent.*

APPEAL — AMOUNT IN CONTROVERSY — ACTION AT LAW — ENFORCEMENT OF PARTIAL ASSIGNMENT.

   The assignment of part of a claim for a pecuniary demand being a legal assignment, enforcible at law under the provisions of our Code, which declare (Bal. Code, § 4835) that any assignee of choses in action for the payment of money may maintain an action in his own name, notwithstanding the assignor may have an interest in the things assigned, and which require all parties interested to be joined (Id. § 4833), and that where a party who should be a plaintiff refuses he may be made a defendant, no equitable feature is presented from the mere fact that an assignee attempts to enforce the assignment of a part of a claim, and hence the supreme court cannot take jurisdiction of an appeal in such a case, where the amount in controversy is less than $200.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.   Appeal dismissed.

*William Tucker* and *Ivan L. Hyland,* for appellant.

*James F. McElroy,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—In June, 1900, the Seattle & International Railway Company was indebted to H. L. Alexander in the sum of $74.50 for services. At the same time Alexander was indebted to appellant in the sum of $33. On June 9th, Alexander gave to appellant an assignment of a part of his claim against the railway company in the following words:

"Assignment of Claim.   No.......
To Paymaster or Auditor Seattle and International Ry. Co.

For value received I hereby sell and assign my claim against the Seattle and International Ry. for thirty-three dollars for services as brakeman furnished the S. & I. Ry. Co. during the month of May, 1900, to R. W. Barto, to whom you will deliver the pay warrant or check to be issued on June 14, 1900, in payment of the same, and I hereby authorize the said Barto to receive and receipt for my pay warrant or check therefor and to endorse my name on said warrant or check, and upon payment of the same to receipt for full payment thereof.

H. L. ALEXANDER, Claimant.
Brakeman S. I. on Switch Engine in yards."

This assignment was presented to the railway company two days later.   The company refused to accept it.   On June 22d, following, appellant brought an action in the justice court against the railway company for the amount of the order.   The company answered, setting up payment to Alexander, and that there was nothing due Alexander

prior to the assignment and notice thereof.   The cause was tried before the justice, both parties appeared, witnesses were examined, all the matters pleaded were gone into by proof, and the justice made the following entry in his docket:

"Now on July 3, 1900, 1 p. m., after argument of the respective counsel, the court being fully advised in the premises, renders its decision in favor of the defendant, and against the plaintiff, and it is by the court ordered and adjudged that said plaintiff's action, be, and the same is hereby, dismissed, and that defendant go hence without day, and that said defendant Seattle & International Railway Company do have and recover of and from plaintiff its costs and disbursements herein."

Thereafter, on September 4, 1901, appellant commenced this action in the superior court of King county.   It is alleged in the complaint, substantially, that the defendant Seattle & International Railway Company, on June 9, 1900, was indebted to defendant H. L. Alexander in the sum of $74.50; that on said date, for a valuable consideration, the said Alexander, in writing, assigned, transferred, and set over to plaintiff $33 of the amount due from the said railway company; that on the 10th day of June, and at divers other times thereafter, while defendant company had funds in its possession belonging to the defendant Alexander in the sum of $74.50, the said plaintiff demanded the sum of $33, which demand was refused; that the said Alexander claims to have an interest in the said sum of $33, but that he has no interest therein.   Plaintiff then prays for a decree of the court against defendant railway company in the sum of $33.   Defendant Alexander not having been served with summons, and not having appeared, the defendant railway company appeared separately, and admitted an indebtedness of $74.50 to Alexander

on June 12th; denied all the other allegations, and pleaded affirmatively a former adjudication. Trial was had, and judgment rendered for the defendant. Plaintiff appeals.

Respondent moves to dismiss the appeal, for the reason that this court has no jurisdiction, because the amount involved is less than $200, and that the action is a civil action at law for the recovery of money. The case was brought in the lower court, and also to this court on appeal, upon the theory that it is a proceeding in equity to establish an equitable interest in a particular fund. Originally, at the common law, choses in action were not assignable, but courts of law now take notice of assignments of choses in action generally, and recognize and protect the rights of an assignee wherever there is a valid assignment. It was formerly held that an assignment of a part only of a chose in action was void unless made with the ratification or consent of the debtor, and the reason given therefor was that a creditor will not be permitted to split up a single cause of action into many without the assent of his debtor. But it is a well recognized rule in equity that, where one for a valuable consideration assigns a definite portion of a debt or a chose in action to another, it is a valid equitable assignment, and will be enforced where all the parties interested are before the court. This latter rule in equity prevails, because at common law there is no way by which all parties interested may be brought before the court in an action at law. Equity overcomes this objection, and brings all interested parties before the court, and metes out justice to all. While these rules prevail in states under the common law, they have largely ceased in code states because the Code has avoided the reason for their existence. In this state the distinction between equity and law is still recognized, but the statute has modified the

equity rules and practice in many particulars; so that now many actions which were formerly cognizable only in courts of equity are under the Code purely legal. It is provided, at § 4793, Bal. Code, as follows:

"There shall be in this state hereafter but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be called a civil action."

And at § 4824:

"Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law."

And in § 4833:

"All persons interested in the cause of action, or necessary to the complete determination of the question involved, shall, unless otherwise provided by law, be joined as plaintiffs where their interest is in common with the party making the complaint, and as defendants when their interest is adverse to the plaintiff: Provided, That where good cause exists, which shall be made to appear in the complaint why a party who should be a plaintiff cannot, from a want of consent on his part or otherwise, be made such plaintiff, he shall be made a defendant."

And at § 4835:

"Any assignee or assignees of any judgment bond, specialty, book account, or other chose in action, for the payment of money, by assignment in writing, signed by the person authorized to make the same, may, by virtue of such assignment, sue and maintain an action or actions in his or her name, against the obligor or obligors, debtor or debtors, therein named, notwithstanding the assignor may have an interest in the thing assigned: Provided, That any debtor may plead in defense a counterclaim or an offset, if held by him against the original owner," etc.

It is apparent, upon a reading of these provisions of the Code, that the rules existing at common law against

assignments of choses in action are abolished, both as to
the assignment of the whole as well as of a part, because
assignees may sue in their own names and because all
parties necessary to a complete determination of the ques-
tion *must be joined, either as plaintiffs or defendants.*
It is said at § 65 of Bliss on Code Pleading (3d ed.):

"The owner of a single demand may assign but part
of his claim, and the debtor, unless he has consented to
the assignment, will not be liable in two actions, as one
may not split his cause of action.   In whose name, then,
shall the demand be prosecuted?   By the common law,
such partial assignment passes no legal interest, and the
action is necessarily in the name of the original holder.
This idea seems to have been adhered to in several decis-
ions under the Code.   It is plain that the partial assignee
has an interest, which should not be subject to the caprice
of the assignor; it is therefore said that he has an equit-
able interest, and must file a petition in equity making
the assignor and debtor parties.   This is very well where
the distinction between common law and equity practice
prevails, but the Code abolishes all distinctions between
legal and equitable forms af action.   The debtor should
not be subject to two actions upon one demand, and that
reason is given for not allowing causes of action to be
divided; by an action analogous to this petition in equity,
the whole demand can be adjusted at once.   A later case
in California sustains the right of the assignee to bring
his action by making the assignee a party as was required
in the suit in equity [*Grain v. Aldrich,* 13 Cal. 514], and
in Indiana the general doctrine is sustained that the as-
signee of part of a joint demand may join with the as-
signor in a joint action [*Lapping v. Duffy,* 47 Ind. 51].
The logic of the requirement that actions must be brought
in the name of the real party in interest, and that all who
are united in interest must unite as plaintiffs, demands the
union of the assignor with the assignee of a part.   Unless
the obligation is severed by consent of the debtor, it is still
but one demand, in which both have an interest, and the

permission to join is express. They are also united in interest, and cannot bring separate actions, although their interest may not be technically joint. The only foundation for the opposite view is the obsolete rule that the demand is not assignable at law, or, in case of negotiable paper, that an indorsement as to part does not pass the legal title. The fact that, so far as concerns the proper parties, there is no distinction under the Code between choses in action assignable at law or in equity, also, the fact that whatever is assignable either at law or in equity is so assignable as to give the assignee a right of action in his own name, seem to have escaped the attention of some courts. If, in a partial assignment, either the assignor or the assignee desires to bring an action, in which the other refuses to join, the Code furnishes the familiar rule in equity pleadings that such unwilling party may be made defendant."

It is also said, at § 127 of Pomeroy's Code Remedies (3d ed.):

"Not only does the rule prevail when the assignment is absolute and complete, and the assignee is the legal owner of the demand; it prevails with equal force in cases where the assignment is simply equitable in its character, and the assignee's title would not have been recognized in any form by a court of law under the old system, but would have been purely equitable. Such assignee, being the real party in interest, must bring an action in his own name; for, in respect to this provision of the statute, the equity doctrine which it embodies is, beyond a question, to be applied to all actions. As illustrations: The person to whom an order is given by a creditor upon his debtor for the whole amount of the demand, although the debtor has not accepted nor promised to pay, as an equitable assignee, and must sue in his own name; also, where a creditor assigns part of his claim to plaintiff, of which the debtor has notice; and when a bond was verbally assigned, and was delivered by the obligee to the plaintiff; and when the assignment, though absolute on the face, was, in fact, partial, the

assignee agreeing to account for the remaining portion to the assignor.    In this case the assignor might be brought in to protect his own interests, and, in some states, would be an indispensable party.    The rule deduced from these authorities is plain and imperative: The assignee need not be the legal owner of the thing in action; if the legal owner, he must of course bring the action; but, if the assignee's right or ownership is for any reason or in any manner equitable, he is still the proper plaintiff, in most of the states the only plaintiff, although, in a few, the assignor should be joined as a plaintiff or as a defendant. The plain intent of the statute is to extend the equity doctrine and rule to all cases."

And in 3 Pomeroy's Equity Jurisprudence (2d ed.), at § 1277:

"The following conclusions as to the equitable jurisdiction may be drawn from the foregoing analysis.    In England, and in all of the American states which have adopted the reformed procedure, the direct, absolute, or what may be called legal, assignment of legal things in action which are assignable confers on the assignee a purely legal interest, and he can only sue in his own name by a civil action which is to all intents legal in its character; so that under these circumstances there is no occasion for the equitable jurisdiction.    Where the thing in action assigned is an equitable demand, and where the assignment of even a legal demand is equitable, or such as the courts of law under the former system did not recognize, it might be supposed that the interest of the assignee would be equitable, and that the suit upon it would be within the equitable jurisdiction.    But even in these cases the assignee must sue in his own name; and if the remedy is merely a pecuniary judgment, and no accounting is necessary, the action would, in all its elements and features, be legal rather than equitable.    If, however, an accounting were necessary, or if the demand were of such a nature that the recovery would depend upon the application of equitable doctrines, the civil action of the assignee would

undoubtedly be equitable, and the equitable jurisdiction of the court would be invoked."

In this case the remedy sought is merely a pecuniary judgment. No accounting is necessary, and none is asked for. No lien is being foreclosed upon any particular fund or piece of property. In short, there is no equitable feature in the complaint outside of the mere assignment of a part of the claim, and this assignment under the statute is a legal assignment, and may be enforced at law. The law offers a plain, speedy, and complete remedy, and the defendant is entitled to a jury trial.

We conclude, therefore, that the action is a civil action at law, and, since the amount involved is less than $200, this court has no jurisdiction on appeal. The cause is dismissed.

REAVIS, C. J., and FULLERTON, HADLEY, WHITE, ANDERS and DUNBAR, JJ., concur.