Fox *v.* Wray.

## FOX *v.* WRAY.

SUPREME COURT.—*Practice.*—*Sufficiency of Complaint.*—The sufficiency of the complaint in an action may be questioned, on appeal to the Supreme Court, by an assignment as error of the action of the lower court, in sustaining a demurrer to a paragraph of answer to such complaint.

MORTGAGE.—*Unlawful Release of, by Mortgagee, after Assignment.*—*Pleading.* —In an action by the assignee, against the assignor, who was the payee, of a promissory note secured by a mortgage on real estate, to recover damages for the alleged unlawful act of the defendant in satisfying such mortgage, whilst such note remained unpaid, the complaint should allege the value of such mortgage so assigned.

SAME.—*Defence.*—An answer in such action, alleging the property mortgaged to have been, and to be, of a value greatly exceeding the amount of the mortgage, is insufficient.

SAME.—*Presumption.*—*Nominal Damages.*—If such complaint aver that such assignment was made for value, without specifying the value of such mortgage, it will be presumed that it was of a value entitling the plaintiff to recover nominal damages.

SAME.—*Damages.*—*Measure of.*—The true measure of damages in such action is the value of such mortgage so assigned, not exceeding, however, the amount due upon such promissory note secured by it.

From the Shelby Circuit Court.

*B. F. Love* and *W. Z. Conner*, for appellant.

*C. Wright, B. Major* and *S. Major,* for appellee.

NIBLACK, J.—This was a suit by Hardy Wray against Alfred Fox, Jesse Winton, and Lewis Bass, in the court below. The complaint says, that the said Jesse Winton, on the 2d day of July, 1862, made his promissory note of that date, a copy of which was filed with the complaint, and thereby promised to pay to the order of said Alfred Fox the sum of two hundred and thirty-five dollars, two years after the date thereof, with interest from date, for value received, without relief from valuation laws. That, for the purpose of securing the payment of said note, the said Jesse Winton, on said 2d day of July, 1862, by his mortgage of that date, a copy of which was also filed with the complaint, mortgaged and warranted to the said Fox a tract of land in Shelby county, in this State, known as the north-west quarter of the south-west quarter of section number two, in township thirteen north, of range seven east, containing forty acres more or less; which said mortgage was duly acknowledged and entered of record in the proper county.

That afterward, to wit, on the 30th day of January, 1865, the said Fox, for value received, assigned said note to said Wray. That, on the 25th day of October, 1866, the said Winton paid one hundred and seventy-five dollars on said note, and that the residue remained due and unpaid. That the said Fox, when he assigned said note to the said Wray, also delivered said mortgage to him, and the same became vested in him, said Wray, as security for the payment of said note. That, after the assignment of said note and mortgage to the said Wray, to wit, on the 6th day of January, 1872, the said Fox, for the purpose of hindering and delaying the said Wray in the collection of said note, entered satisfaction of said mortgage, in writing under his hand, on the record thereof in the proper recorder's office, which entry of satisfaction still remained on the record of said mortgage in said recorder's office.

That afterward, on the 18th day of September, 1872, said Winton sold, conveyed, and warranted said mortgaged premises to the said Lewis Bass, who paid the purchase-money therefor, and took possession thereof, without any knowlege of the non-payment of said mortgage, and believing the same was satisfied. That the said Winton was wholly insolvent. Wherefore the said Wray demanded judgment against the said Fox, Winton and Bass, for one hundred and eighty dollars, and the foreclosure of said mortgage, and for all other proper relief. Afterward and before issue was joined on the complaint, the deaths of the said Winton and the said Bass were severally suggested, and the action abated as to them.

Fox answered in six paragraphs:

First. That Winton had fully paid and satisfied the note sued on, before the commencement of this suit.

Second. The general denial.

Third. A set-off of an alleged indebtedness by Wray to the said Winton, in his lifetime, accompanied by a bill of particulars.

Fourth. Averring a settlement of mutual accounts and dealings between the said Wray and the said Winton, in which said note and mortgage were included, and were set off and paid by debts and demands held by the said Winton against the said Wray.

Fifth. That the lands mortgaged by the said Winton to the said Fox, to secure the note described in the complaint, and the interest therein conveyed by said mortgage, then was, and at all times since the execution of said mortgage had been, of the value of fifteen hundred dollars, and during all the time since the execution of the said mortgage, had been and then was worth more in value than five times the amount of the alleged balance due on said note.

Sixth. That the said Wray and Winton had a settlement of their mutual dealings and their mutual debts and

accounts, in the presence of him, the said Fox, and that the said Wray, in the presence and hearing of the said Winton, thereupon told him, said Fox, that said note and mortgage sued on had been and were included in, and set off and paid by, said settlement; that, relying on the truth of said statement to him by the said Wray, he, the said Fox, was induced to, and did, enter satisfaction of said mortgage in good faith and without fraud, and in the belief that said note, which said mortgage was given to secure, was fully paid and satisfied.

Wray replied to the first, third, fourth and sixth paragraphs of the answer, in general denial, and demurred to the fifth paragraph. The court sustained the demurrer, to which Fox excepted.

The cause was then submitted to the court for trial, and there was a finding and judgment against the said Fox for the sum of one hundred and sixty-four dollars and ninety cents, as and for the damages sustained by the said Wray.

Fox assigns for error here:

1st. The sustaining of the demurrer to the fifth paragraph of his answer.

2d. The sustaining of the demurrer to the said fifth paragraph of his answer, and the refusal of the court below to carry the demurrer back to, and to sustain it against, the complaint.

Assuming that the complaint presents a good cause of action, there is nothing we can perceive in the fifth paragraph of the answer, which constitutes a defence to any material matter alleged in the complaint. Fox does not insist on its sufficiency, but, through the demurrer to it, attacks the complaint for want of facts sufficient to make out a case against him. That the sufficiency of the complaint may be thus tested, has been frequently decided by this court. *Tillotson* v. *Stipp*, 1 Blackf. 77; *McEwen* v. *Hussey*, 23 Ind. 395; *Menifee* v. *Clark*, 35 Ind. 304; *Batty* v. *Fout*, 54 Ind. 482.

The complaint, on its face, purports to be a proceeding

against Fox, Winton and Bass, to foreclose the mortgage, referred to in it; but, as against Fox alone, we think it does not make out a case for foreclosure, as he was not one of the makers of the note, did not execute the mortgage, and was not the owner of the mortgaged premises.

As we construe the averments in the complaint, it is substantially admitted, that a valid entry of satisfaction had been made on the record of the mortgage, which Wray did not seek to disturb or have set aside, as against any of the defendants in the court below.

Counsel, however, on both sides treat the complaint, in their briefs, as a proceeding against Fox for damages, for having deprived Wray of the security afforded him by the mortgage, by the entry of satisfaction on the record of it, as was charged in the complaint, and the finding and judgment would indicate that the court below tried the case on that theory.

The evidence is not in the record.

Fox objects that the complaint was not sufficient to sustain an action against him for depriving Wray of the security arising out of the mortgage, because it does not aver the value of the security which the mortgage conveyed.

The complaint impresses us as being a rather circuitous and anomalous method of proceeding against Fox for the wrongful entry of satisfaction of the mortgage record, as alleged; but, assuming it to be such a proceeding, we think the proper measure of damages was the value of the security afforded by the mortgage, not exceeding the amount of the balance due on the note, and that, to entitle Wray to rightfully recover full damages, the value of such security ought to have been alleged in the complaint. As Fox took the security, however, we think it is not unreasonable, as to him at least, to presume that it was of some value, and to hold, that as to him the complaint makes out a good cause of action for at least nominal damages. We are, therefore, of the opinion, that the

court did not err in refusing to carry back the demurrer and sustain it to the complaint. As no other question is presented by the record, the judgment must be affirmed.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.