## AYERS ET AL. *v.* HAYS ET AL.

MORTGAGE.—*Release of Part of Notes Secured by.—Subsequent Purchaser.—Notice. —Mistake.*—Where a mortgage on real estate, duly recorded, securing the payment of several promissory notes, has been released on the margin of the record, by the mortgagee, a subsequent purchaser of the real estate, for a valuable consideration, without notice, is protected against the assignee of any of such promissory notes, though the release of the mortgage was intended to be only as to the notes not assigned, but, by mistake, was made as to all, and was without the assignee's knowledge.

From the Monroe Circuit Court.

*J. B. Mulky, J. H. Louden, F. Wilson, M. T. Dunn* and *J. R. Wilson,* for appellants.

*D. R. Eckels* and *R. W. Miers,* for appellees.

NIBLACK, J.—This was a proceeding in the court below, by the appellants, Samuel Ayers and others, against the appellees, Michael George, David Hays and Joseph Butcher, to foreclose a mortgage.

The complaint alleged, that, on the 22d day of February, 1873, the said Michael George executed his two promissory notes, for five hundred dollars each, to one Joseph C. Campbell, one payable one year, and the other two years, after date; that, on the same day, the said George also executed to the said Campbell a mortgage on several tracts of land in Monroe county, to secure the payment of said notes, which mortgage was duly recorded in said

·county; that, on the 15th day of April, 1873, the said Campbell assigned the note first due to the plaintiffs; that, after said last named note had been assigned to the plaintiffs, and after said mortgage had been so recorded, to wit, on the 7th day of August, 1873, the said George ·conveyed a portion of the mortgaged lands to the defendant Hays, and that afterward, to wit, on the 9th day of December, 1873, the said George conveyed the residue of the lands so mortgaged to the defendant Butcher; that, on the 7th day of August, 1873, the said Campbell, the mortgagee, entered on the margin of the record of said mortgage, in the proper recorder's office, and in the usual form, full and complete satisfaction of said mortgage, without the knowledge or consent of the plaintiffs; that said entry of satisfaction was intended only to apply to, and to discharge, so much of the mortgage as related to the note last due, but, by inadvertence and mistake, was made to apply to the entire mortgage; that, at the time of the entry of satisfaction, the defendants knew that the note which had been assigned to the plaintiffs, as above stated, was still outstanding and unpaid, and that the said entry of satisfaction was only intended to discharge so much of said mortgage as applied to said note last due, as above set forth. Wherefore the plaintiffs demanded judgment on the note so assigned to them, and the fore·closure of the mortgage as to all the defendants.

The defendants answered in two paragraphs:

1. That the plaintiffs were an incorporated company, under the laws of the State of Indiana, by the name and style of the Farmers Bank of Frankfort, Indiana; and,

2. The general denial.

The plaintiffs replied in denial of the first paragraph of the answer, and there was a trial by the court, resulting in a finding against George, for the amount of the note, with interest, and in favor of the other defendants.

The plaintiffs moved the court for a new trial as to the defendants Hays and Butcher, and, that motion being

overruled, a judgment was rendered against George on the note, but a foreclosure of the mortgage was refused.

The only error assigned here is upon the overruling of the plaintiffs' motion for a new trial.

After the introduction of the note and mortgage, and the record of such mortgage, with the entry of satisfaction thereon, referred to in the complaint, in evidence, together with the deeds from George to Hays and Butcher, respectively, Campbell, the mortgagee, was introduced as a witness, and testified, in substance, that, when he entered satisfaction on the record of the mortgage, he only intended to discharge so much of the mortgage as secured the note last due, but that, by mistake, he entered satisfaction of the mortgage in full, and that such entry of satisfaction was without any authority from the plaintiffs.

The defendant Hays then testified, that the mortgage record was entered satisfied when he purchased a portion of the mortgaged lands, as shown in the deed to him which had been read in evidence; that he employed an attorney to examine the title to the lands purchased by him, who reported to him that said lands were free from any encumbrance, and that the mortgage in question was satisfied; that he would not buy the lands until he had the title examined, and that he had paid George the purchase-money in full at the time of the purchase; that he had purchased in good faith, relying on the entry of satisfaction on the mortgage record, and without notice that the note sued on was unpaid; that he supposed the notes were paid off, else the mortgage would not have been entered satisfied.

The defendant Butcher testified, that, at the time he purchased the land described in the deed to him, the record of the mortgage was entered satisfied in full; that he examined the mortgage record at the time and found the mortgage satisfied, and that he would not have purchased as he did, if the mortgage had not been satisfied; that he had no notice at the time of his purchase that the

note sued on was unpaid; that he had purchased, and paid for, his part of the mortgaged lands in good faith, relying on the satisfaction entered on the mortgage record; that he also supposed the notes were paid off, else the mortgage would not have been satisfied.

This, we think, is a fair synopsis of all the evidence given in the cause.

The appellants contend, that, on this evidence, there ought to have been a finding, also, against the defendants Hays and Butcher, and a foreclosure of the mortgage; that, from the evidence, it is shown, that, in point of fact, Campbell had no authority to discharge so much of the mortgage as was applicable to the note in suit, and that, having no such authority, the entry of satisfaction as to that note was inoperative, as against the appellants, and did not release the lien of the mortgage on the mortgaged lands in the hands of the appellees Hays and Butcher, respectively, even conceding that they were purchasers without notice. The case of *Lapping* v. *Duffy*, 47 Ind. 51, is cited to sustain this position. In that case, Duffy executed a mortgage to McClung, to secure the payment of six promissory notes. These notes were, on the same day, sold and transferred, by endorsement, to the Ohio Insurance Company. This company brought suit on the last four notes, and obtained judgment upon them and a foreclosure of the mortgage. After there had been one full assignment of this judgment, and another assignment of a portion of it, McClung, without any express authority, entered satisfaction of the mortgage on the proper mortgage record. It was held, that this entry of satisfaction was not binding on the assignees of that judgment of foreclosure, and did not prevent them from enforcing their judgment against the mortgaged premises. The reasons for so holding are not given at much length in the opinion in that case, but they are obvious to the most casual reader of that opinion. The judgment on the notes, and for the foreclosure of the mort-

gage, was notice to all the world, that McClung had parted with his interest in those notes, and with his interest in so much of the mortgage at least as was intended as a security for their payment. All persons, therefore, who became interested in the mortgaged premises after the entry of the judgment of foreclosure, were required to take notice that McClung had parted with his interest in the mortgage, so far as it operated as a security for the satisfaction of that judgment.

We do not regard that case as conclusive upon the one at bar. On the contrary, it seems to us, that the notice resulting from the proceedings and judgment of foreclosure in that case constitutes an important element of difference between the two cases. In the case at bar, there was nothing on record, when Hays and Butcher purchased the mortgaged property, indicating that Campbell had parted with the note in suit, or that it remained unpaid, or that Campbell was not fully authorized to enter satisfaction of the mortgage, or had made any mistake in such entry of satisfaction. Nor does it appear from the evidence, that either Hays or Butcher had actual notice of any of the facts which were relied upon to attack the binding force of Campbell's discharge of the mortgage. Under these circumstances, we can not do otherwise than consider both Hays and Butcher purchasers for a valuable consideration, and without notice, and protected against any proceedings to foreclose the mortgage.

Some questions were reserved by the appellants upon the admission of certain testimony, but the view we have taken of the case in other respects renders it unnecessary that we should make any formal ruling upon them.

We need only say, in general terms, in conclusion, that we see no error in the record. *Dixon* v. *Hunter*, 57 Ind. 278; *Fox* v. *Wray*, 56 Ind. 423.

The judgment is affirmed, at the costs of the appellants.

Opinion filed at November term, 1877.
Petition for a rehearing overruled at May term, 1878.