Filed March 27, 1884.

---

No. 8799.

## HAYES v. BURKAM.

FRAUD.—*Complaint.—Fraudulent Representations by Agent.*—Where, in an action against H. and others upon contract, the complaint alleges that the defendants, as obligors, agreed with the obligee that, to obtain from the latter the loan of U. S. bonds, they would execute their obligation to him, and that subsequently they had, through their agent, obtained the delivery of such bonds upon the false and fraudulent representations of said agent, that such obligation had been executed by the defendants, the complaint is insufficient, as against H., for want of an averment that at the time such bonds were so delivered he had not yet executed such bond.

SAME.—*Authority of Agent.—Evidence.—Principal and Surety.*—The fact that H. agrees to become surety upon a bond yet to be executed, pursuant to a loan negotiated by B., does not tend to establish an agency in B. to bind H. upon a parol contract on the same terms, by which B. subsequently obtained the loan.

SAME.—The fact that B. had authority to negotiate a loan as the agent of H. and others, by the terms of which they were to obtain such loan upon

executing an obligation to the person making the loan, would not authorize B. to subsequently obtain such loan upon his false and fraudulent representations that such obligation had been duly executed.

From the Ohio Circuit Court.

*W. S. Holman, J. Schwartz, O. B. Liddell, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellant.

*A. C. Downey, G. E. Downey, J. D. Haynes* and *J. K. Thompson,* for appellee.

NIBLACK, J.—This was an action by Joseph H. Burkam against the Lawrenceburgh Woollen Manufacturing Company, Levin B. Lewis, Ezra G. Hayes, Elijah S. Blasdel and Anson Marshall, the latter being the assignor of the cause of action and being summoned merely to answer as to his interest, if any, in the matter in controversy. For that reason reference hereafter made to the defendants in the action will be understood as not including him.

The complaint was originally in two paragraphs. Issues were formed upon these paragraphs between the plaintiff and defendant Hayes, and a trial resulted in a verdict and judgment for the plaintiff. That judgment was reversed by this court. See *Hayes* v. *Burkam,* 51 Ind. 130.

After the cause was remanded to the circuit court, the plaintiff assigned his interest in the action to William D. Burkam, who was substituted as plaintiff, and who, upon leave granted, filed an additional and third paragraph of complaint.

As the complaint then stood the first paragraph charged that on the 30th day of October, 1867, the defendants procured from Anson Marshall the loan of $10,000, par value, of 5-20 U. S. bonds, then of the value of $15,000, and then and there promised to return to the said Marshall like U. S. bonds of the same date and general description, at the expiration of one year from that time, which the defendants had failed to do ; that the contract was reduced to writing and was to have been signed by all the defendants, but for reasons stated it was not signed by the defendant Hayes, which un-

signed writing was filed with the complaint as exhibit A. For further particulars as to this paragraph reference is made to the opinion in the case of *Hayes* v. *Burkam, supra.*

The second paragraph charged that on the said 30th day of October, 1867, the defendants borrowed from Marshall $10,-000, par value, in U. S. 5-20 bonds, for the use of the Woollen Manufacturing Company, on the terms mentioned in the unsigned writing filed with the complaint; that the loan was obtained under the following circumstances: Blasdel, acting as the agent of the defendants, and having competent authority to do so, negotiated the loan on the joint credit of all the defendants, with the understanding that the contract was to be reduced to writing and to be signed by them and placed in the bank where the bonds were kept before such bonds were to be taken from the bank and delivered, but that Blasdel, as such agent for the defendants, with the knowledge of the defendant Hayes, took the bonds from the bank without the signature of Hayes to the contract as it was afterwards reduced to writing; that the defendants have failed to return said bonds, or to account for the same in any way, but have sold and converted the same to their own use, to the damage of the plaintiff.

The third paragraph charged the obtaining of the loan of 5-20 U. S. bonds substantially as stated in the preceding paragraphs; that the bonds were at the time on deposit in the First National Bank of Lawrenceburgh; that Blasdel acted as the agent of all the other defendants in all matters connected with the loan, having full authority so to do; that it was agreed that the bonds should not be delivered until the written obligation referred to in the preceding paragraphs should be signed by all the defendants; that Marshall thereupon made a written order on the cashier of the said First National Bank of Lawrenceburgh for the delivery of the bonds when the written obligation should be signed by all of the defendants, and not till then, and placed the same in the hands of his son, Firman Marshall, to be delivered when such obliga-

tion should be so signed ; that the defendants thereafter falsely and fraudulently represented to the said Firman Marshall that the written obligation had been signed by all of them, and he, believing that said obligation had been so signed, and upon the faith thereof, caused said bonds to be delivered to the defendants by the cashier of the bank in which they were on deposit, as herein above stated ; that the defendants had failed to return said bonds, or to pay the value thereof.

Hayes answered the third paragraph of the complaint :

*First.* In denial ; *Second.* That the cause of action therein stated did not accrue within six years ; *Third.* Payment.

A demurrer, for want of sufficient facts, was sustained to the second paragraph of this answer, and upon a second trial of the cause there was a general verdict for the plaintiff, assessing his damages at $9,500. Accompanying the general verdict were answers to numerous interrogatories submitted to the jury at the request of the parties respectively. A motion for a new trial being first denied, judgment was rendered against Hayes upon the general verdict.

The question of the sufficiency of the third paragraph of the complaint was indirectly raised by the demurrer to the second paragraph of the answer to that paragraph of complaint, and it is argued that the demurrer ought to have been carried back and sustained to this third paragraph of the complaint, because of its alleged insufficiency upon demurrer. *Fox* v. *Wray,* 56 Ind. 423 ; *Gould* v. *Steyer,* 75 Ind. 50 ; *Reed* v. *Higgins,* 86 Ind. 143.

The paragraph of complaint in question was, we think, defective in one material respect at least, and that is, it failed to aver that Hayes had not, in fact, signed the written obligation concerning which the alleged false and fraudulent representations were made by the defendants, at the time they obtained possession of the bonds through the agency of Firman Marshall. The averment that Hayes had not signed that obligation at some previous time was not sufficient to supply that omission.

It was made to appear by the evidence that Blasdel, at the time he entered into negotiations with Anson Marshall for the loan of the bonds, was, and for some time thereafter continued to be, the president and general business manager of the Lawrenceburgh Woollen Manufacturing Company, and that all he did in obtaining the loan was done primarily in the interest of that company, to the use of which the proceeds of the loan were intended to be, and were in fact, applied; also, that during the negotiation he was the bearer of propositions between the respective parties, other than himself, and that it was through his active exertions that an agreement as to the terms upon which the loan was to be made was reached, and that the bonds were obtained for the use of the company so represented by him. It was also made to appear at the trial that Hayes was not present when the bonds were delivered to Blasdel at the bank in which they had been previously kept, and did not personally participate in any of the alleged representations which induced Firman Marshall to authorize a premature delivery of the bonds to Blasdel.

The theory upon which the action was prosecuted was that in all matters connected with the negotiations for the loan, and with the measures taken to get premature possession of the bonds, Blasdel acted, also, as the agent of Hayes.

The question as to whether Blasdel did, also, so act as the agent of Hayes, and consequently whether Hayes was bound by the acts and declarations of Blasdel in connection with the negotiations and the procurement of·the bonds, was made an important, and, indeed, the controlling, question at the trial.

As applicable to that question, and in connection with other matters to which the attention of the jury was directed, the court instructed the jury as follows:

"If you find from the evidence that the defendant Blasdel went to Marshall and ascertained that Marshall had the bonds, and that he would loan them to the defendants on certain terms and conditions, and that a part of the terms and conditions were that the Lawrenceburgh Woollen Manufacturing

Company, Blasdel, Lewis and defendant Hayes should give their bond to pay the bonds in one year, and that Blasdel truly stated to the defendants Lewis and Hayes the terms upon which Marshall would loan the defendants the bonds, and that Lewis and defendant Hayes agreed to the terms and consented to become so bound for the bonds and to give their bond for them, and that the bond was written out by Lewis and read to the defendant Hayes, and he agreed to sign it after it was copied by the secretary of said company, and that the bonds were obtained from Marshall upon the agreement of Hayes to execute such bond, this is evidence tending to show that Blasdel was acting as the agent of the defendant Hayes in negotiating the loan, but you should consider all the other evidence, if any, bearing on this point."

Through the medium of a subsequent instruction the court, continuing, said: " If you find from the evidence that the U. S. bonds were borrowed from Marshall, under a contract as set out in Exhibit A of the complaint, and find that it was further agreed for the defendant Hayes that the U. S. bonds would not be taken from the First National Bank of Lawrenceburgh, where they were on deposit, until said contract for their return was signed and executed by the defendant Hayes and left in a designated bank in Lawrenceburgh for safe-keeping for Marshall, and further find that without said contract being signed by defendant Hayes, and so deposited in bank, the U. S. bonds were taken by the agent of said Hayes and applied to the use and benefit of the Lawrenceburgh Woollen Manufacturing Company, said Hayes at the time knowing that Marshall was parting with his U. S. bonds in the belief, induced by the acts and representations of Hayes, that said obligation for their return was executed by him, then such taking of the U. S. bonds was without authority from Marshall, and wrongful, and you should find for the plaintiff without regard to the question as to whether Hayes was to execute the obligation as principal or surety."

In our opinion neither one of the instructions from which extracts are set out as above, stated the law correctly as applicable to the evidence adduced at the trial. In the first place evidence establishing the fact that Hayes had agreed to sign a contract which Blasdel was instrumental in negotiating did not tend to prove that Blasdel had been authorized by Hayes to bind the latter to a parol contract containing the same or similar terms and conditions. In the next place, conceding that Blasdel acted as the recognized agent of Hayes in negotiating the loan, that circumstance did not tend to prove that Hayes had subsequently authorized Blasdel to make false and fraudulent representations for the purpose of evading the terms and conditions upon which it had been agreed the loan was to be made. The presumption is that a principal does not authorize his agent to act wrongfully in an ordinary business transaction, and on the same principle authority conferred upon a special agent to do a lawful and particular thing can not be construed to authorize him to act wrongfully or fraudulently in connection with other business he may assume to transact in the name of his principal. In their application to the evidence, both of the instructions, to which special reference has been made, were in practical derogation of the doctrine announced by this court upon the former appeal, and were, for that reason, also erroneous.

Questions have been made in different forms upon the answers to some of the interrogatories addressed to the jury, but as the judgment will, in any event, have to be reversed, we need not review those answers in detail. It may be stated, however, in general terms, that some of the interrogatories referred to were too complex and necessarily confusing to the jury; that some of the answers were conflicting, and others indefinite and uncertain, and that the answers as a whole were of a character to impair confidence in the general verdict.

We have not noticed some objections urged to the several paragraphs of the complaint, for the reason, amongst others,

that the pleadings will probably be amended in some material respects before the cause will be again tried.

The judgment is reversed, with costs, and the cause re-manded for further proceedings.

Filed April 1, 1884.