WESTERN UNION TELEGRAPH Co. *v.* H. M. GREEN.

For Opinion of Original Case, see page 59.

(*Knoxville.*   September Term, 1925).

1. **APPEAL AND ERROR.** Petition to rehear should show merit; brief
   and argument being in support thereof.

   Petition to rehear should state case showing merit; brief and argu-
   ment being in support thereof, and should not be confined to bald
   conclusion that petitioner is aggrieved by opinion and refer to
   briefs and argument as to why.   (*Post, pp.* 524-526.)

2. **APPEAL AND ERROR.**

   Brief accompanying petition to rehear should contain index of cases
   therein.   (*Post, pp,* 524-526.)

   Cases cited and approved: Bertuch v. U. S. & Hayti Tel. Co., 79 Misc.
   Rep., 10; Fererro v. W. U. Tel. Co., 9 App. D. C., 455.

3. **TELEGRAPHS AND TELEPHONES.** Breach by telegraph company
   of statutory duty to transmit messages promptly is actionable tort
   for which damages not contemplated may be recovered (Shannon's
   Code, Sections 1837, 1838).

W. U. Tel. Co. v. Green.

Under Shannon's Code, Section 1837, breach by telegraph company of its duty to transmit messages promptly is an actionable tort, for which actual compensatory damages not in contemplation of parties may be recovered independent of section 1838, giving right to damages for willful negligence. (*Post, pp.* 526, 527.)

Acts cited and construed: Acts 1885, secs. 7, 8, ch. 66.

Case cited and approved: Hadley v. Baxendale, 9 Exch., 345.

Code cited and construed: Secs. 1837, 1838 (S.).

4. **DAMAGES.** Rule limiting damages to those within contemplation of parties is ''distinctively'' applicable to breaches of contract, rather than actions for tort.

Rule imposing liability for damages only within contemplation of the parties is distinctively applicable to breaches of contract, and not actions for tort; "distinctively" meaning characteristically, or peculiarly, but not necessarily exclusively. (*Post, pp.* 527-535.)

5. **DAMAGES.**

When violation of statute is shown, liability arises for direct and actual damages resulting, without reference to "in contemplation of parties" rule. (*Post, pp.* 527-535.)

Cases cited and approved: Bertuch v. U. S. & Hayti, Tel. Co., 79 Misc. Rep., 10; Milwaukee & St. P. R. Co. v. Kellogg, 94 U. S., 469; Fererro v. W. U. Tel. Co., 9 App. D. C., 455; Hawkins v. Hubbell, 127 Tenn., 312; Brown v. Chicago, etc., Ry. Co., 54 Wis., 342; Keenan v. Cavanaugh, 44 Vt., 268; Metallic, etc., Co. v. Fitchburg R. R. Co., 109 Mass., 277; Hill v. Winsor, 118 Mass., 251; Bowas v. Pioneer T. L., 2 Sawy, 21; Larson v. Chase, 47 Minn., 307.

Case cited and disapproved: Francis Case, 47 Minn., 307.

Cases cited and distinguished: Ehrgott v. New York, 96 N. Y., 264; Leonard v. N. Y., etc., Tel. Co., 41 N. Y., 544; Cowan v. W. U. Tel. Co., 122 Iowa, 385; Kentucky Heating Co. v. Hood, 133 Ky., 383.

Powers, Special Judge, dissenting.

FROM KNOX.

On petition to rehear.  Petition denied.

CATES, SMITH, TATE & LONG, for Western Union Tel. Co.

GREEN, WEBB & BASS, for Green.

MR. JUSTICE CHAMBLISS delivered the opinion of the court.

An elaborate petition to rehear is presented.  The petition proper contains no statement of the grounds relied on, being confined to the bald conclusion that the petitioner is "much aggrieved by the opinion," and that an extension of time has been granted for its filing, followed by a prayer that the judgment be vacated, etc., concluding with a reference to an accompanying brief and argument.  A petition to rehear should on its face show merits, that is, state a case; the brief and argument being in support thereof.

It is practically conceded in the combined brief and argument that the identical points presented are those dealt with, however inadequately and unsatisfactorily to counsel, in the opinion complained of, namely, (1) the applicability of the "in contemplation of the parties" rule of notice to a case of tort—a violation of a statutory public duty being a tort; (2) the character and extent of the notice to defendant in this case of the importance generally to plaintiff of reasonably prompt delivery of the message; and (3) the ground upon which the decision is definitely rested (supported cumulatively by the discussion of points [1] and [2], supra), that this action is based on a statute which expressly requires prompt delivery of telegrams, the determinative holding being that,

W. U. Tel. Co. v. Green.

in view of this statute, "the aggrieved party may recover actual damages without proof of notice to the telegraph company of the nature and extent of the loss which its failure to perform its statutory obligation may entail."

We do not understand the petition to challenge specifically so much of the opinion as deals with the character and extent of the notice conveyed by the message of its importance generally, and while, perhaps, the argument now presented dealing with the applicability of the in contemplation of the parties rule to cases of tort is "new" in the sense that it is differently phrased, it can hardly be said to be "new" in substance, as contemplated by the rule. The discussion in the opinion of both of these points was pertinent, in view of the opinion of the court of appeals as to the in contemplation of the parties rule and the insistence of counsel as to the notice conveyed by the face of the message, even if it should be conceded that the discussion thereof became nonessential in view of the conclusion reached upon the determinative proposition that, the suit being based on the statute, proof of notice to the company of the nature and extent of the loss which its failure to perform its statutory obligation might entail is not required. Nor are the authorities now relied on "new" so far as we discover. (No index of cases is contained in the brief, a practice approved by the court as a convenience for ready reference and comparison). Certainly the Tennessee cases and the textbooks now cited have all been formerly considered, and those cases from other jurisdictions now most stressed and elaborately quoted from are the same so treated in the original brief of counsel, notably *Bertuch* v. *U. S. & Hayti Tel. Co.*, 79 Misc. Rep., 10, 139 N. Y. S., 289; *Fererro* v.

*W. U. Tel. Co.,* 9 App. D. C., 455; *W. U.* v. *Taylor;* and others.

However, under the insistence that "the act has no application to the facts of this case," counsel do present forcibly a plausible contention that is new, to which reply will be made. Just here it may be remarked that the distinctive application and effect of the statute was not, as we understand it to be now suggested, first noted in our opinion. Indeed, on page 21 of the original brief filed for the telegraph company, it was said:

"Counsel on their brief hardly dispute the application of the rule [*Hadley* v. *Baxendale*], but it is contended that this is a suit under the statute which requires a telegraph company to transmit messages in the order of their delivery and 'without unreasonable delay.'"

It was upon the distinction thus suggested that the decision of the case was rested.

The argument now made is, as we understand it, that there is a vital difference, controlling in this case, between the statute as brought into the Code of 1858 and the act of 1885, now the law, in that under the present law it is more clearly than formerly required that the negligence must be *willful* in order that the statutory right to damages shall attach. Apparently recognizing that we have in our opinion followed former decisions of this court in several cases in the construction given the statute, the position of counsel is that in these former decisions, four in number, and all delivered since the passage of the act of 1885, this court either overlooked altogether the fact that the act of 1885 had been passed, or failed to note the alleged effect of verbal changes stressed by counsel in this petition. As before intimated,

the insistence made by counsel is plausible, and, if the question were one of first impression, it would be entitled to serious consideration, in so far as it involves the construction of section 8 of the act of 1885 (Pub. Acts, chapter 66), being Shannon's Code, section 1838. Indeed, the identical point now made, while not discussed in the opinion, was considered on the original hearing, but we then felt and now feel that this statute has been so definitely and repeatedly construed by this court to have the meaning and effect we have given it that the rule of construction thus established should not now be departed from. Moreover, the point becomes immaterial for this reason: The duty to transmit messages "without unreasonable delay" is expressly imposed by section 7 of the act of 1885 (Shannon's Code, section 1837), and a negligent failure so to do is, therefore, an actionable violation of a statutory duty for which damages may be recovered by a person aggrieved independently of section 8, which expressly so declares, and the principle of the rule adopted which allows actual compensatory damages although not within the contemplation of the parties, whenever the damages result from a violation of a statute, equally applies; in other words, it is not essential that the statute shall expressly declare its violation to be a misdemeanor, or provide in express terms for damages, in order to create such liability and take the case out of the class controlled by the rule in *Hadley* v. *Baxendale*, 9 Exch., 345, with respect to notice.

Turning now to that part of the petition which vigorously challenges the correctness of the views expressed with regard to the nonapplicability of the rule originally announced in *Hadley* v. *Baxendale*, it should not be over-

looked that our holding with respect to this point was thus summarized and confined:

"That the limiting in contemplation of the parties rule is distinctively applicable to breaches of contract."

The proposition thus stated is certainly well supported upon reason and authority. The language was used with a purpose to speak with discrimination. "Distinctively" is characteristically, or peculiarly, not necessarily exclusive. This was as far as our opinion went, although much authority exists for extending the statement to the total nonapplicability of this rule to all cases arising *ex delicto*. However, it was recognized that many telegraph liability cases are so related both to contract and tort as to open the way for the application thereto, in some form and degree, of this rule.

Counsel should not assume, because cases formerly presented in support of their position, and now again quoted from and relied on, were not discussed in our original opinion that these were not considered. The limitations put by necessity upon the opinions of the court render it impossible frequently to discuss more than a limited number of cases bearing upon the propositions dealt with. In this memorandum we can take opportunity to make reference to only two or three cases not discussed in our opinion. For example, the case of *Bertuch v. U. S. & Hayti Tel. Co.,* 79 N. Y. Misc. Rep., 10, 139 N. Y. S., 289, is most strongly relied on and freely quoted from Upon our former examination of this case we found it neither controlling nor persuasive. In the first place, a cipher message was involved, a form to which a distinctive rule has been applied by nearly all the courts, because it involves a clear intention to conceal from the telegraph

company all notice of its contents or importance. In, the second place, the action was by a sender for breach of contract; the violation of no statute being involved. General expressions contained in the oninion in that case are, therefore, to be viewed in the light of these facts, and also it is to be noted that the opinion is by an inferior and a divided court. The views of the court of appeals of New York, repudiating the application of the in contemplation of the parties rule to torts, are expressed with force in the leading case of *Leonard* v. *New York, etc., Tel. Co.,* 41 N. Y., 544, 1 Am. Rep., 446, and in *Ehrgott* v. *New York,* 96 N. Y., 264, 281, 48 Am. Rep., 622, and are in harmony with those expressed in the original opinion in this case. The Ehrgott case was an action to recover damages for injuries received in consequence of a defect in a street. (There was no element of wanton or willful conduct.) The trial court had charged that the defendant was "only liable for such damages as are the natural and necessary result of the accident in question," and refused to charge:

"And for such damages as might reasonably be supposed to have been in the contemplation of plaintiff and defendant (the parties) as the probable result of the accident."

The New York court of appeals declined to hold this error, and said, after quoting approvingly from *Leonard* v. *N. Y., etc., Tel. Co.,* 41 N. Y., 544, 1 Am. Rep., 446, criticizing the in contemplation rule:

"When a party commits a tort resulting in a personal injury, he cannot foresee or contemplate the consequences of his tortious act. . . . A city may leave a street out of repair, and no one can anticipate the possible accidents

153 Tenn.—34.

which may happen, or the injuries which may be caused. . . . The true rule, broadly stated, is that a wrong-doer is liable for the damages which he causes by his misconduct. But this rule must be practicable and reasonable, and hence it has its limitations. . . . The best statement of the rule is that a wrongdoer is responsible for the natural and proximate consequences of his misconduct; and what are such consequences must generally be left for the determination of the jury. *Milwaukee & St. P. R. Co.* v. *Kellogg,* 94 U. S., 469 [24 L. Ed., 256]. We are, therefore, of opinion that the judge did not err in refusing to charge the jury that the defendant was liable ' only for such damages as might reasonably be supposed to have been in the contemplation of the plaintiff and defendant as the probable result of the accident.' "

And with respect to the case of *Fererro* v. *W. U. Tel. Co.,* 9 App. D. C., 455, from which a lengthy quotation is made by counsel, upon examination we found that it was wholly unlike the instant case on its facts; the judgment below being reversed upon the ground that the plaintiff had failed to minimize his loss resulting from an error in the figures in a telegram giving the price per bushel of potatoes. No question of notice in the sense involved in the instant case was before the court. The court was dealing with the measure of the damages to be allowed upon the facts apparent, as distinguished from a limitation upon the right to recover merely direct and proximate damages because of lack of notice. It may be observed that in the opinion in that case, however, the court distinctly recognizes the application of the *Hadley* v. *Baxendale* rule to cases of breach of contract and extended

it in that case only to an action 'founded on a contract,' although sounding in tort, in so far as the measure of damages to be allowed upon the facts proven was involved. No question of the violation of a statutory obligation arose.

Much stress is sought to be laid upon the case of *Hawkins* v. *Hubbell,* 127 Tenn., 312, 154 S. W., 1146, which on its facts involved the right to recover speculative damages on an injunction bond; particular reliance being had upon an expression quoted by Mr. Justice NEIL in his opinion from 13 Cyc., 28, stating the general rule of liability for damages in cases of tort. In 17 C. J., at page 750, the text has been modified and the rule more clearly and concisely stated to be as follows:

"In the case of torts the general rule is that the wrongdoer is liable for any injury which is the natural and probable consequences of his misconduct."

In the discussion which follows of the distinction between unforeseen and unanticipated consequences, on the one hand, and those which are natural and probable, it is said that only the willful or wanton wrongdoer is generally liable in the first instance. However, it is expressly said that in cases of *merely negligent* conduct "the wrongdoer is liable for the natural and probable consequences of his act or omission, although their particular form or character was not foreseen or anticipated; and it is not necessary that the particular consequences shall have been within the contemplation of the wrongdoer." This general statement of the rule is supported by many authorities.

However, as above indicated, these rules relate more particularly to the measure or extent of recoverable dam-

ages upon given facts proven, rather than to the specific question of notice pertinent to this discussion.  A manifest confusion exists in some of the authorities with respect to this distinction, which is not readily definable. But it is quite clear, as held in our original opinion in this case, that the limiting in contemplation of the parties rule originating in *Hadley* v. *Baxendale* is distinctively applicable to breaches of contract, rather than to actions for torts.  We quote the following direct and clear statement of the distinction as we understand it from an able opinion by Mr. Justice WEAVER in the case of *Cowan* v. *W. U. Tel. Co.*, 122 Iowa at page 385, 98 N. W., 283, 64 L. R. A., 545, and 101 Am. St. Rep., 268:

"If, then, we may treat this action as one *ex delicto,* rather than *ex contractu,* it becomes important to note the enlarged scope of the claim for recoverable damages. In an action upon contract it is usually laid down that no damages can be recovered, save those which may reasonably be supposed to have been contemplated by the parties as the probable result of a breach of the agreement, and this is the principle almost invariably appealed to or relied upon by the courts which deny the liability of tele graph companies for damages on account of mental suffering.  Recovery in tort is not thus limited.  The rule applicable to such cases is that 'a party who commits a trespass or other wrongful act is liable for all the direct injury resulting from such act, although such resulting injury could not have been contemplated as a probable result of the act done.'  *Brown* v. *Chicago, etc., Ry. Co.,* 54 Wis., 342, 11 N. W., 356, 911, 41 Am. Rep., 41; *Keenan* v. *Cavanaugh,* 44 Vt., 268; *Metallic, etc., Co.* v. *Fitchburg R. R. Co.,* 109 Mass., 277, 12 Am. Rep., 689; *Hill* v.

*Winsor,* 118 Mass., 251; 1 Sedgwick on Damages, 130, note; *Bowas* v. *Pioneer T. L.,* 2 Sawy., 21, Fed. Cas., No. 1713. . . . The Minnesota court, which, as we note in the *Francis Case* [47 Minn., 307, 50 N. W., 238, 14 L. R. A., 85, 28 Am. St. Rep., 370.], denies the right of such recovery against a telegraph company on the theory that the action is *ex contractu,* has not hesitated to allow damages of this nature in certain actions in tort. *Larson* v. *Chase,* 47 Minn., 307, 50 N. W., 238, 28 Am. St. Rep., 370, 14 L. R. A., 85.''

Many similar quotations could be made from leading authorities. We shall content ourselves with but one additional, from the opinion in *Kentucky Heating Co.* v. *Hood,* 133 Ky., 383, 22 L. R. A. (N. S.), 588, which incorporates an apt quotation from the standard work of Mr. Sutherland. The court said!

''In actions for breach of contracts the rule generally held to is that only such damages can be recovered as are actually sustained, or such as it is reasonable to conclude were within the contemplation of the parties at the time the contract was entered into. 2 Chitty, Contr., p. 1324. But this measure that obtains in contracts will not be applied in actions sounding in tort. There is a wide difference between the rights and remedies allowable in the one case and in the other. 1 Sutherland, Damages, section 15. It is the wrongful act done, and the consequences that naturally result from it, that the law looks at and holds the wrongdoer responsible for. A person who commits a tort like this is liable for all the damages that naturally flow from, and are the result of, this wrongful act, although he may not, at the time, have given any thought to or have anticipated that injurious consequences would

follow. It is no excuse or defense for the wrongdoer that he did not mean to commit any wrong, or did not know that any injury or loss would ensue. The general rule in respect to the recovery of consequential damages in cases of tort is very well stated in Sutherland on Damages (vol. 1, section 16): 'In an action for a tort, if no improper motive is attributed to the defendant, the injured party is entitled to recover such damages as will compensate him for the injury received so far as it might reasonably have been expected to follow from the circumstances; such as, according to common experience and the usual course of events, might have been reasonably anticipated. The damages are not limited or affected, so far as they are compensatory, by what was in fact in contemplation by the party in fault. He who is responsible for a negligent act must answer ''for all the injurious results which flow therefrom, by ordinary natural sequence. . . . Whether the injurious consequences may have been 'reasonably expected' to have followed from the commission of the act is not at all determinative of the liability of the person who committed the act to respond to the person suffering therefrom.'' . . . There need not be in the mind of the individual whose act or omission has wrought the injury the least contemplation of the probable consequences of his conduct; he is responsible therefor because the result proximately follows his wrongful act or nonaction. All persons are imperatively required to foresee what will be the natural consequences of their acts and omissions, according to the usual course of nature and the general experience.' ''

While in the above case an element of wantonness appears to have been involved, it will be observed that the

W. U. Tel. Co. v. Green.

quotation approved from Sutherland on Damages deals expressly with a tort where ''no improper motive is attributed to the defendant.''

However, in conclusion, whether or not the *Hadley* v. *Baxendale* rule is distinctively applicable to contracts rather than to torts, it is certain that we have been cited to and have found no decisions to the contrary of the determinative holding in .this case, supported by authorities cited, namely, that *when a violation of a statute is shown*—generally held to be negligence *per se*—liability arises for the direct and actual damages resulting, without reference to the ''in contemplation of the parties'' rule. The petition must be denied.

Powers, Special Judge (sitting during the disability of Chief Justice Green), dissents.