# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### September 19, 2001 Session

## CHEMICAL RESIDENTIAL MORTGAGE CORP .
### v.
## DONNA COOK COLLINS HODGE, formerly known as DONNA COOK COLLINS, a/k/a DONNA COLLINS, COMMERCIAL CREDIT, INC., and SOUTHERN FINANCIAL OF JACKSON, TENNESSEE

**An Appeal from the Chancery Court for Madison County**
**No. 56010    Donald H. Allen, Chancellor**

---

### No. W2000-02958-COA-R3-CV - Filed June 20, 2002

---

This case involves the negligent impairment of a security interest. Plaintiff Chemical Residential Mortgage Corporation held a note and deed of trust on the subject real property. Subsequently, defendant Commercial Credit, Inc., negligently executed and filed a release deed on the property. Later, defendant Southern Financial made a second loan to the debtor secured by the same property. After Chemical Residential realized that its deed had been released in error, it brought the instant declaratory judgment action against Southern Financial and Commercial Credit, seeking a declaration that its deed was senior to that of Southern Financial. Southern Financial filed a cross-claim against Commercial Credit for the impairment of its security interest. The trial court found in favor of Chemical Residential and Southern Financial against Commercial Credit, and held that Chemical Residential's deed was senior to that of Southern Financial. On the cross-claim, the trial court awarded Southern Financial damages against Commercial Credit in an amount equal to the total amount due on the secured note. Commercial Credit now appeals, arguing, inter alia, that the trial court's measure of damages was erroneous. We reverse on the issue of damages and remand for a redetermination of those damages.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Reversed in Part and Remanded

HOLLY K. LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Coburn Dewees Berry, Bass, Berry & Sims, PLC, of Nashville, Tennessee, for the appellant, Commercial Credit, Inc. (n/k/a CitiFinancial, Inc.)

W. Stanworth Harris, Moss, Benton & Wallis, PLLC, of Jackson, Tennessee, for the appellee, Southern Financial of Jackson, Tennessee.

**OPINION**

This case involves the negligent impairment of a security interest. On February 23, 1988, Donna Hodge ("Hodge")[1] obtained a $59,373.00 loan from Barclays American/Mortgage Corporation ("Barclays") and executed a deed of trust on the subject real property ("the property"), giving a security interest in the property to Barclays. The deed of trust was recorded in the Register's Office of Madison County.

Subsequently, on December 30, 1988, Barclays sold the Hodge note and assigned the deed of trust to Sovran Mortgage Corporation ("Sovran Mortgage"). However, the assignment of the deed of trust was not recorded until September 15, 1995. Meanwhile, in October of 1994, through various mergers and name changes, Sovran Mortgage became Chemical Residential Mortgage Corporation ("Chemical Residential"), the named plaintiff in this action.[2] Thus, Chemical Residential came to own the Barclays note from Hodge.

Sometime in 1994, Commercial Credit, Inc. ("Commercial Credit"),[3] mistakenly concluded that it was the holder of Chemical Residential's note evidencing the loan to Hodge, and that the note from Hodge had been paid in full.[4] Thereafter, on June 14, 1994, Commercial Credit executed a release deed with respect to Chemical Residential's deed of trust. The release deed was recorded on July 5, 1994.

On August 25, 1995, Southern Financial of Jackson, Tennessee ("Southern Financial"), made a loan to Hodge in the amount of $72,950.00 and secured the loan with a deed of trust on the same subject real property. Southern Financial recorded its deed of trust on that same date. This was prior to the September 1995 recording of Chemical Residential's deed of trust on the property. Based on the release deed previously recorded by Commercial Credit, Southern Financial believed that it had a first priority lien on the property.

On October 25, 1995, Chemical Residential realized that its deed had been released in error and executed an Affidavit of Cancellation of Release and Reinstatement of Deed of Trust, which was

---

[1] Donna Hodge is now known as Donna Cook Collins.

[2] In December of 1991, Sovran Mortgage changed its name to Nations Bank Mortgage Corporation of Virginia. In September of 1992, Nations Bank Mortgage Corporation of Virginia merged into Margaretten Company. In October of 1994, Margaretten Company changed its name to Chemical Residential Mortgage Corporation. Later, Chemical Residential merged with Chase Manhattan Mortgage Corporation. We will refer to the entity as Chemical Residential.

[3] Commercial Credit is now known as CitiFinancial, Inc. For purposes of clarity, we will refer to the defendant CitiFinancial, Inc., as "Commercial Credit."

[4] Commercial Credit's mistake was allegedly was based on misrepresentations made by Hodge.

recorded in the Register's Office. The Affidavit stated correctly that Commercial Credit was never the holder of the secured indebtedness, and that Chemical Residential's own deed of trust remained in full force and effect.

On April 19, 1999, Chemical Residential filed a declaratory judgment action in the court below against Hodge, Southern Financial, and Commercial Credit, seeking a declaration that its deed of trust was senior to that of Southern Financial. On June 3, 1999, Southern Financial filed a cross-claim against Commercial Credit seeking damages if the court should find that Chemical Residential's deed of trust was senior to Southern Financial's deed of trust, based on the release deed recorded by Commercial Credit.

After a hearing on October 16, 2000, the trial court granted partial summary judgment in favor of both Chemical Residential and Southern Financial against Commercial Credit, finding that Commercial Credit was liable based on its release of Chemical Residential's deed of trust on the subject property. Subsequently, a bench trial on the remaining issues was held. The trial court determined that Chemical Residential's trust deed had priority over that of Southern Financial. Based on Southern Financial's cross-claim, the trial court awarded $96,396.48 in damages to Southern Financial against Commercial Credit. That damage amount represented the total indebtedness secured by Southern Financial's deed of trust as of October 20, 2000. Commercial Credit now appeals the amount of the trial court's damage award. Commercial Credit also challenges the trial court's admission of a 1995 appraisal of the property as not satisfying the business records exception to the hearsay rule.

Commercial Credit notes that its liability is based on the fact that the release deed it negligently recorded misled Southern Financial into believing that it had a first lien position, and argues that the correct measure of damages is the amount of money Southern Financial would have received upon foreclosure had it in fact been in the first lien position. It maintains that the damages awarded to Southern Financial amounts to a windfall, because Commercial Credit's negligence did not affect Southern Financial's ability to collect on the Hodge note. Commercial Credit asserts that proper compensation to Southern Financial is the fair market value of the property at the time Southern Financial would have foreclosed, which is less than the amount of the total indebtedness secured by Southern Financial's deed of trust. It contends that any deficiency resulting from that sale should be recovered from the debtor, Hodge, because that is what Southern Financial would have been required to do had it in fact been in the first lien position.

In response, Southern Financial notes that the fair market value of the property is what a bidder would pay for the property at auction. Southern Financial asserts that, had the property been sold at auction, it would have bid the entire amount of its indebtedness. Consequently, it argues the fair market value is the total amount due on the note, and the trial court used the proper measure of damages.

Where a trial court hears a case without a jury, we review the amount of damages awarded as a question of fact with the presumption that it is correct, and the amount of damages may be

altered if the trial court utilized the wrong measure of damages or if the evidence preponderates against the amount of damages awarded. *See* Tenn. R. App. P. 13(d); *see also Armstrong v. Hickman County Hwy. Dep't*, 743 S.W.2d 189, 195 (Tenn. Ct. App. 1987). Evidentiary matters are reviewed for an abuse of discretion. *See State v. Ballard*, 855 S.W.2d 557, 562 (Tenn. 1993).

Generally, in cases involving tortious conduct, the injured party should recover for damages that naturally flowed from the wrong. *Western Union Tel. Co. v. Green*, 284 S.W. 898, 901 (Tenn. 1925) (quoting *Kentucky Heating Co. v. Hood*, 118 S.W. 337, 338-39 (Ky. Ct. App. 1909)). The Tennessee Supreme Court has recognized that in actions involving a tort, "[i]t is the wrongful act done, and the consequences that naturally result from it, that the law looks at and holds the wrongdoer responsible for." *Id.* (distinguishing damages in actions for breach of contract from actions based on tortious conduct). In this case, at the time Southern Financial made the loan to Hodge, it believed that it would be in the position of primary lien holder based on the release deed recorded by Commercial Credit. Instead, it was the secondary lien holder on the property. Thus, the remedy should place Southern Financial in the position it would have been in had it had a primary security interest in the subject property.

Similar circumstances were presented in *Busch v. Broun*, 152 S.W. 683 (Tex. Civ. App. 1912). In *Busch*, a mortagee's lien on real property was impaired by the negligent release of the deed by third parties. The Texas appellate court held that in such a case "the [subsequent] mortgagee has a right of action against the wrongdoer, and his damages are measured by the value of the property converted, provided it does not exceed the amount of the debt secured. . . . Having lost his security, he is entitled to have its value." *Busch*, 152 S.W. at 688; *accord Fox v. Wray*, 56 Ind. 423, 427 (1877) (holding that proper measure of damages for wrongful entry of satisfaction of a mortgage would be "the value of the security afforded by the mortgage"). In the case at bar, had Southern Financial in fact been in a first lien holder position, it would have received upon foreclosure the fair market value of the property, and would have been required to pursue the debtor, Hodge, for any deficiency. Thus, Southern Financial should recover the fair market value of the property, up to the amount of the debt secured. In addition, Southern Financial should recover any interest and penalties that have accrued from its inability to foreclose on the subject property.[5]

On appeal, the parties disagree on the time at which the fair market value of the property must be determined. Commercial Credit asserts that the court should award the fair market value of the property as of the time Southern Financial would have foreclosed, which is approximately September 1999. Southern Financial, on the other hand, claims that the relevant time would be the time at which the trial court issued its judgment, in October of 2000. The record on appeal is insufficient to determine the fair market value of the property or even the time at which the fair

---

[5]Southern Financial asserts that it should receive as damages the entire amount of its indebtedness, because, had the property been sold at auction, Southern Financial would have bid the entire amount of its indebtedness. It is rather dubious for Southern Financial to assert now that it would have bid more than the fair market value of the property. However, we need not reach that issue.

market value must be ascertained. Therefore, we must remand the cause to the trial court for this determination.

Commercial Credit also argues on appeal that the trial court erred in admitting into evidence a 1995 appraisal of the property as a business records exception to the hearsay rule. Neither party contends that the value of the property at the time of the loan (in 1995) is relevant for purposes of determining an appropriate damage award in this case. Therefore, any evidence on that point would be irrelevant, and any error in admitting such evidence would be harmless.

Therefore, we reverse the trial court's award to Southern Financial of $96,396.48, the amount of the total indebtedness secured by Southern Financial's deed of trust. We hold that the proper measure of damages is the fair market value of the property, up to the amount of the indebtedness, plus appropriate interest and penalties. We remand to the trial court for a determination of the time at which the fair market value should be measured, the fair market value of the property, and any appropriate interest and penalties.

The decision of the trial is court is reversed on the issue of damages and remanded for further proceedings consistent with this Opinion. Costs are taxed to appellee, Southern Financial of Jackson, Tennessee, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE